## Case No. 9,241.

### MASON et al. v. KANE.

[Taney, 173; 24 Hunt, Mer. Mag. 717.] 1

Circuit Court, D. Maryland. May 2, 1851.

CUSTOMS DUTIES—RECOVERY OF DUTIES PAID—PROTEST—IN WHOSE NAME SUIT BROUGHT.

1. The tariff acts of 1799 [1 Stat. 627] and 1845 [5 Stat. 727] do not prevent the actual owner of goods imported, from suing for the recovery of duties paid under protest by the consignee, and do not require such suits to be brought in the name of the consignee.

[Cited in Gray v. Lawrence, Case No. 5,722.]

2. The tariff act of 26th February, 1845, provides that no action to recover duties paid under

1 [Reported by James Mason Campbell, Esq., and here reprinted by permission. 24 Hunt, Mer. Mag. 717, contains only a partial report.]

protest, shall be maintained against a collector, "unless the said protest was made in writing, and signed by the claimant, at or before the payment of said duties, setting forth distinctly and specifically the grounds of objection to the payment thereof." A protest under this act, objecting in general terms to the additional duty exacted, but assigning no reason for the objection, will not warrant the institution of a suit to recover back the duties objected to, even though such duties were illegally exacted.

[Cited in Thomson v. Maxwell, Case No. 13,983; Pierson v. Lawrence, Id. 11,158; Davies v. Arthur, 96 U. S. 151; Chung Yune v. Kelly, 14 Fed. 641.]

This action was instituted on the 22d of October, 1850 [by David Mason and John E. Tullis], against [George P. Kane] the collector of the port of Baltimore, for the recovery of duties paid under protest. The facts sufficiently appear from the following statement of facts, agreed on by the counsel in the cause, and the opinion of the court.

Statement of facts: (1) It is admitted, that the plaintiffs are residents of Savannah la Mer, Jamaica, and aliens, and owners of the pimento, mentioned in the above case; and that Spence & Reid, merchants of Baltimore, were the consignees of said pimento, and entered the same, and paid the duties exacted upon them by the defendant, under protest in writing, signed by them. (2) It is further admitted, that on or about the 21st of September, 1849, the plaintiffs consigned from Savannah la Mer, the said pimento, as per invoice and bill of lading, to said Spence & Reid, and that the invoice upon which it was entered, sets forth correctly the price paid by plaintiffs, at the time the same was purchased. (3) It is also agreed, that the custom-house papers relating to this case, or proper copies of the same, shall be read in evidence by either party, and that oral evidence may likewise be given at the trial of this cause.

Upon the foregoing statement of facts, and such other evidence as may be produced by either party at the trial of the case, it is agreed, that the following questions shall be raised and submitted to the court for its opinion: (1) Whether the plaintiffs in this case can maintain the action, by reason of the act of 26 February, 1845, or any other acts of congress. (2) Whether the appointment of the merchant appraisers, is not such an award as is final and conclusive on the plaintiffs, as to the value whereon the duty should have been estimated. (3) Whether the return of the government weighers of the gross weight of the pimento, being 87,139 pounds is conclusive; and the deduction therefrom for tare, or the weight of the bags, should be the weight shown by the invoice; or should be the tare returned by the said weighers, 2617 pounds, which is three per cent. on the gross weight. (4) Whether the additional duty or penalty of $899, exacted in this case, or any part thereof, may be recovered by the plaintiffs, inasmuch as a portion of the pimento, to wit, four hundred and

twenty-three bags, has been exported, as will appear from the export entry thereof.

If, upon the foregoing questions, the opinion of the court should be in favor of the plaintiffs, then a verdict and judgment shall be entered for the plaintiffs, for the damages claimed in the narr. with costs; but if in favor of the defendant, then for the defendant with costs. And it is further agreed, that if the judgment should be in favor of the plaintiffs, the amount including interest for which the verdict and judgment shall stand, shall be hereafter calculated in conformity with the principles which the court shall decide to govern the case, and the said verdict and judgment corrected accordingly.

Brown & Brune, for plaintiffs.
Z. Collins Lee, Dist. Atty., and Hon. Reverdy Johnson, for defendant.

TANEY, Circuit Justice. This suit is brought against the collector of the port of Baltimore, to recover certain duties, which the plaintiffs allege were overcharged upon a cargo of pimento, imported from Savannah la Mer, in Jamaica. The official appraisers, acting under positive directions from the secretary of the treasury, estimated the value of this pimento much higher than that in the invoice; and upon a reference to merchant appraisers, although they valued it lower than the officers of the government had previously done; yet, the price at which they assessed it, exceeded the invoice price more than ten per cent., estimating the value by the pound, without regard to the difference in the dutiable quantity, arising from the difference in the tare allowed in the invoice, and that allowed by the official weighers; and upon this appraisement by the merchant appraisers, the penal duty of twenty per cent. was exacted by the collector, upon the whole cargo, and paid under protest by the consignees. The pimento was warehoused upon its arrival, and a part of it remained in the warehouse when the penal duty was demanded; and a large portion of it was re-exported and never withdrawn for consumption or sale in this country.

The suit is brought by the owners of the cargo, who reside in Jamaica, and not by the consignees, who paid the money and signed the protest; and it is objected by the defendant, that this suit cannot be maintained by a foreign owner, but must be brought by the consignee; that under the acts of 1799 and 1845, the consignees, for all purposes connected with the payment of duties, were to be regarded as owners; and that the principles and doctrines in relation to principal and agent in the ordinary concerns of life, do not apply to a case of this kind.

This is certainly a question of some difficulty. But we do not think that the language of the act of 1845 requires this construction; and the motives of policy which evidently introduced the provision upon this subject in the act of 1799, can hardly have influenced the provisions of the act of 1845, under which this suit is brought. We see no inconvenience that can arise to the collector, or the public, by permitting the owner to maintain the suit in his own name, instead of suing in the name of his agent or consignee; the payment by the consignee, is the payment by the principal; and the protest of the consignee, the protest of the principal, if he thinks proper to adopt it. We think the practice in some of the circuits has sanctioned suits by the foreign owner, in cases of this description; and as this practice is consistent with a fair construction of the act of 1845, and no injustice or inconvenience can arise from it, the court are of opinion, that this objection must be overruled.

But the objection to the sufficiency of the protest, is a much more serious one. Some question has been made as to the charges to which it objects; but it is very clear that it applies altogether to the additional and penal duty, which appears to have been demanded and paid on the day of the protest; it objects to this demand in general terms, without specifying any particular grounds of objection. But it is now insisted, in support of the action, that the demand was illegal: (1) Because the merchant appraisers assessed the value at the time of the shipment, and not at the time of the purchase. (2) Because they did not actually inspect the pimento. (3) That if their valuation was lawfully made, it does not exceed the value in the invoice ten per cent., taking into consideration the whole cargo, and the difference in the dutiable weight, arising from difference between the tare claimed in the invoice, and that allowed by the official weighers; and (4) That if a penal duty was incurred upon the part of the cargo withdrawn for sale and consumption, it was not incurred upon the portion of it which remained in the warehouse and was re-exported to a foreign country.

But none of these objections are set forth in the protest; it objects, as we have already said, in general terms, to the additional duty exacted on that day; that is, the whole penal duty, but assigns no reason for the objection. Now, the act of 26 February 1845, in express terms, provides that no action of this kind shall be maintained against a collector, "unless the said protest was made in writing and signed by the claimant, at or before the payment of said duties, setting forth distinctly and specifically the grounds of objection to the payment thereof." It is not, therefore, sufficient to object to the payment of any particular duty or amount of duty, and protest in writing against it; the claimant must do more; he must set forth, in his protest, the grounds upon which he objects, distinctly and specifically; and these latter words are too emphatic to be regarded as

mere surplusage, or to be overlooked in the construction of this law. The object of this provision is obvious; in the multitude of collection offices in the United States, and the changes which so frequently take place in the officers, mistakes and oversignts will sometimes take place, and irregularities in the assessment of duties; and the object of this provision is, to prevent a party from taking advantage of such objections, when it is too late to correct them, and to compel him to disclose the grounds of his objection, at the time when he makes his protest.

The case before the court strikingly exemplifies the policy of this provision. One of the objections is, that the merchant appraisers did not actually inspect the pimento. It was not actually looked at and inspected by these appraisers, because there was no controversy about its quality. The consignees had notice, and appeared before the merchant appraisers, and did not suggest that there was any defect in the quality, which would lower the value, nor express a wish to have it inspected; they offered to prove that it was bought at the price at which it was invoiced, and that such was then the market-price at the place where it was purchased. The appraisers were satisfied that it was bought at the price stated, but were of opinion that the price was lower than its market value in the principal markets of the island, and appraised its dutiable value accordingly. There is not the slightest reason to suppose that their appraisement would have been, in any degree, influenced or changed by their actual inspection of the article; and if this objection had been stated in the protest, the error could have been immediately corrected, before the duties were exacted; but it is now too late. If this oversight be fatal to the appraisement, and renders it invalid, then the public lose not only the enhanced duties to which the pimento was liable, but also the additional or penal duty which was the consequence of the merchant appraisal. The same may be said of the other grounds of objection above mentioned, if they had been set forth in the protest as the grounds of objection, and had been deemed tenable by the administrative department of the government, the errors could have been corrected without the expense of litigation, and the duties which the law imposes secured to the public.

It is for this purpose that the act of 1845 requires the grounds of objection to be distinctly and specifically set forth in the protest; for this suit, although in form against the collector for doing an unlawful act, is, in truth and substantially, a suit against the United States; the money is in the treasury, and must be paid from the treasury, if the plaintiffs recover. As the United States cannot be sued and made defendants in a court of justice without their consent, they have an undoubted right to annex to the privilege of suing them any conditions which they deem proper. In the exercise of this power, they have granted this privilege, in the form of a suit against the collector, where duties are supposed to be overcharged, upon condition that the claimant, when he pays the money, shall give a written notice that he regards the demand as illegal, and means to contest the right of the United States in a court of justice; stating also at the same time, distinctly, the specific grounds upon which he objects. This is the condition upon which he is permitted to sue the collector, and thus to appeal from the administrative to the judicial department of the government. It is a condition precedent; and as it was not performed in this instance, the present action cannot be maintained, even if the duty exacted were not legally due.

It is unnecessary, therefore, to inquire whether the objections now made would have been valid if set forth in the protest. If improperly charged, it is, no doubt, yet in the power of the administrative department to do justice to the claimant; but no action can be maintained under the act of 1845. The verdict must, therefore, be for the defendant.

Verdict for defendant.