## Case No. 5,722.

### GRAY v. LAWRENCE.

[3 Blatchf. 117.] [1]

Circuit Court, S. D. New York. Dec., 1853.

CUSTOMS DUTIES—INVOICE PRICE—USAGE—POWER OF SECRETARY OF TREASURY—PROTEST—PRINCIPAL AND AGENT.

1. An invoice of Irish linens, as entered, carried out the prices in gross, with a credit underwritten, "deduct discount allowed for cash, 7½ per cent." The invoice prices, with the allowance of such discount, gave the true market value of the linens. The appraisers found the invoice to be correct, as made out, and did not appraise the linens according to their judgment, but, in obedience to circular instructions from the secretary of the treasury, valued them at the invoice prices less a discount of only 2½ per cent., and duties were exacted on the remaining 5 per cent. The usage of the trade was to make up invoices of linens at nominal prices, and reduce those to the true market value by discounts or rebatements: Held, that, under the usage proved, the sum to which an invoice was reduced by the rebatement, and not its gross sum, must be regarded as representing the real invoice price.

[Cited in McCall v. Lawrence, Case No. 8,-672; Balfour v. Sullivan, 17 Fed. 233.]

2. The secretary of the treasury had no legal power to direct the judgment of the appraisers in valuing goods, or in adding to or subtracting from the charges in invoices, for the purpose of determining market values, and the increase of the invoice 5 per cent. in amount, in the manner in which it was done, was without authority of law.

3. An entry or protest made by an agent is, in law, made by his principal. Under Act Feb. 26, 1845 (5 Stat. 727), which requires a protest to be in writing, and to be signed by the claimant of goods, a protest signed not by the claimant personally, but by his agent, is sufficient.

[Cited in Waring v. Mayor of Mobile, 8 Wall. (75 U. S.) 116; Herman v. Schell, 18 Fed. 892.]

This was an action [by George Gray] to recover back an excess of duties exacted by the defendant [Cornelius W. Lawrence], as collector of the port of New York, on several

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

invoices of Irish linens, consigned by the plaintiff to Bird, Gillilan & Co., his agents, and entered by them. The invoices carried out the prices of the linens in gross, with a credit underwritten, "Deduct discount allowed for cash, 7½ per cent.," and the plaintiff, by his agents, claimed to enter the goods at the prices less that discount, as being their true market value abroad. The collector, in obedience to circular instructions from the secretary of the treasury, of October 29th, 1847, and August 7th, 1848, directing "that no discount be allowed on invoices of Irish linen beyond 2½ per cent.," refused to allow the discount beyond 2½ per cent., and charged duty upon the remaining 5 per cent. The consignees protested in writing against that exaction, "with only 2½ per cent off," claiming that, under existing laws, they were entitled to enter the same with 7½ per cent. off. It appeared, upon the proofs, that the invoice prices, with the allowance of 7½ per cent. rebatement, gave the true market value of the goods. It also appeared, that the appraisers declared the invoices to be correct as made out; and that the valuation reported by them was made in obedience to the order of the secretary of the treasury, and not upon an appraisal of the linens according to the judgment of the appraisers. It was proved to be the usage of the trade, to make up invoices of linens at an arranged rate of prices, (in effect nominal), and reduce those to the true market value by discounts or rebatements. The defendant objected to the sufficiency of the protest, because it was not signed by the claimant of the goods personally (Act Feb. 26, 1845; 5 Stat. 727), requiring the protest to be made in writing and to be signed by the claimant.

Before NELSON, Circuit Justice, and BETTS, District Judge.

THE COURT held: 1. That, under the usage proved, the sum to which an invoice was reduced by the rebatement, and not its gross sum, must be regarded as representing the real invoice price;

2. That the secretary of the treasury had no legal power to direct the judgment of the appraisers in valuing goods, or in adding to or subtracting from the charges in the invoices, for the purpose of determining market values; and that the increase of the invoices 5 per cent. in amount, in the manner in which it was done, was without authority of law;

3. That an entry or protest made by an agent is, in law, made by the principal, and that the act of 1845 did not necessarily impugn that general principle. Mason v. Kane [Case No. 9,241].

Judgment for the plaintiff for the amount of duties charged upon the 5 per cent. so added to the invoice, with interest from the time of payment.