## ARTHUR *v.* DODGE.

1. Between Aug. 28 and Oct. 18, 1874, A. imported into the port of New York certain articles known as "tin in plates," "terne plates," and "tagger's tin," upon which the collector imposed a duty of fifteen per cent *ad valorem*. *Held*, that, under sects. 2503 and 2504 of the Revised Statutes, said articles were dutiable at only ninety per cent of that rate.
2. *Davies* v. *Arthur* (96 U. S. 148) and *United States* v. *Bowen* (100 id. 508) cited and approved.

ERROR to the Circuit Court of the United States for the Southern District of New York.

Between Aug. 28 and Oct. 18, 1874, Dodge and his partners, constituting the firm of Phelps, Dodge, & Co., imported into the port of New York sundry invoices of " tin in plates," " terne plates," and " tagger's tin," whereon Arthur, the then collector, imposed a duty of fifteen per cent *ad valorem*, which the firm paid under protest. The following is a copy of one of their protests, the others being substantially like it : —

" SIR, — We do hereby protest against the payment of fifteen per cent charged on sixteen hundred and fifty (1650) boxes tin plates of the dutiable value of $14,422, gold, contained in our entry made on the twenty-third day of September, 1874, per S. S. 'Algeria,' from Liverpool, England, in cases marked P. D. & Co., and various other marks, claiming that under existing laws said goods are only liable to a duty of ninety per cent of fifteen per cent or thirteen and one-half per cent, because title 33, sect. 2503, of the codification of the revenue laws provides certain rates of duty on articles which are mentioned in Schedule E of sect. 2504, with the provisions that all articles mentioned in 2503 shall have the benefit of ten per cent reduction — one of the provisions — on all metals not herein otherwise provided for, and on all manufactures of, &c., &c., includes tin plate, and pay the amount exacted in order to get possession of the goods, and look to you for refund of the same."

The Secretary of the Treasury having, on appeal, affirmed the decision of the collector, the firm brought this suit to recover the difference between the amount paid and ninety per cent thereof.

There was a judgment for the plaintiffs. Arthur then sued out this writ of error.

*The Solicitor-General* for the plaintiffs in error.
*Mr. John E. Parsons, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The principal question in this case is, whether, under sects. 2503 and 2504 of the Revised Statutes, " tin plate " and " terne tin " are dutiable at fifteen per cent *ad valorem*, or at ninety per cent of that rate. It is conceded that under the act of 1872 (17 Stat. 231, sects. 2, 4), which continued in force until the Revised Statutes went into effect, the duty was fifteen per cent *ad valorem*.

The sections of the Revised Statutes referred to, so far as they are material to the determination of the case, are as follows : —

" SECT. 2503. There shall be levied, collected, and paid upon all articles mentioned in the schedules contained in the next section, imported from foreign countries, the rates of duty which are by the schedules respectively prescribed : *Provided*, that on the goods, wares, and merchandise in this section enumerated and provided for, imported from foreign countries, there shall be levied, collected, and paid only ninety per centum of the several duties and rates of duty imposed by the said schedules upon said articles, severally, that is to say :

. . . . . . . . . . . .

" On all iron and steel, and on all manufactures of iron and steel, of which such metals, or either of them, shall be the component part of chief value, excepting cotton machinery.

" On all metals not herein otherwise provided for, and on all manufactures of metals of which either of them is the component part of chief value, excepting percussion-caps, watches, jewelry, and other articles of ornament: *Provided*, that all wire rope and wire strand, or chain made of iron wire, either bright, coppered, galvanized, or coated with other metals, shall pay the same rate of duty that is now levied on the iron wire of which said rope or strand or chain is made ; and all wire rope and wire strand or chain made of steel wire, either bright, coppered, galvanized, or coated with other metals, shall pay the same rate of duty that is now

levied on the steel wire of which said rope or strand or chain is made."

" SECT. 2504. Schedule E. Metals.

.   .   .   .   .   .   .   .   .   .   .   .

" Tin in plates or sheets, terne, and tagger's tin; fifteen per centum *ad valorem*. . . ."

In *United States* v. *Bowen* (100 U. S. 508), we held that the Revised Statutes must be treated as a legislative declaration by Congress of what the statute law of the United States was Dec. 1, 1873, on the subjects they embrace, and that when the meaning was plain, the courts could not look to the statutes which have been revised to see if Congress erred in that revision. Looking, then, to this case, we find that Congress has declared the law to be that only ninety per cent of the rates of duty imposed by the schedules in sect. 2504 shall be collected on all metals not otherwise provided for in sect. 2503, and on all manufactures of metals of which either of them is the component part of chief value, and on iron and all manufactures of iron of which that metal shall be a component part of chief value. In this there seems no ambiguity, and if "tin plates" and "terne tin" are metal or manufactures of metal, or if they can be classed as iron or manufactures of iron in which iron is the component part of chief value, there cannot be a doubt that they come within the ninety per cent clause. They are classified in the schedules as metals. All the elements of which they are composed are metals. Their manufacture consists in the combination of the several component parts. The tin is still tin, and the iron still iron. There has been no substantial chemical change. All their metallic qualities still remain. They are what they purport to be, manufactures of iron, tin, and sometimes lead, and the result is a new article of commerce, of which metals, as metals, form the component parts. Although they have, when combined, a particular name, it is a name applicable to the element in the combination, whose use it was intended in this way to secure. Percussion-caps, watches and jewelry, and other articles of ornament, made of metal, must have been considered as manufactures of metal, or it would not have been necessary to except them by name from the operation of the reduction clause.

Without pursuing the subject further, it is sufficient to say that we are clearly of the opinion that the articles in question, were dutiable only at ninety per cent of the rate of fifteen per cent *ad valorem*.

An objection is made to the sufficiency of the protest. The claim is that it was not so distinct and specific as to apprise the collector of the nature of the objection made to the duty imposed. "Technical precision," says Mr. Justice Clifford, for the court, in *Davies* v. *Arthur* (96 U. S. 148, 151), "is not required; but the objection must be so distinct and specific, as, when fairly construed, to show that the objection taken at the trial was at the time in the mind of the importer, and that it was sufficient to notify the collector of its true nature and character, to the end that he might ascertain the precise facts, and have an opportunity to correct the mistake and cure the defect, if it was one that could be obviated." We have had no difficulty in reaching the conclusion that the protest in this case fully meets the requirements of this rule. No one could have any doubt of the nature and character of the claim that was made.

*Judgment affirmed.*