HERMAN, Surviving Partner, etc., *v.* SCHELL.

*(Circuit Court, S. D. New York. January 3, 1884.)*

1. DUTIES ON IMPORTS—NOTICE OF PROTEST TO COLLECTOR—WHAT SUFFICIENT —NOTICE SIGNED BY ONE PARTNER OF A FIRM.
   The plaintiff, doing business in his own name as an importer, gave notice by what was known as a prospective protest to the collector of customs; he afterwards took a partner, adding "& Co." to his name, and the firm continued the importation of the same class of goods. *Held,* that the notice of protest given in the name of the plaintiff was sufficient to cover duties subsequently levied upon importations made by the firm.

2. SAME—PROTESTS—COMMERCIAL DOCUMENTS.
   Protests against the levy of duties are commercial documents, and if they are sufficiently formal and accurate to inform the collector distinctly and unequivocally of the position of the importer, the object of the statute requiring them is accomplished. It is not intended that they shall possess all the technical precision of legal documents.

*Edward Jordan,* for plaintiff.

*Thomas Greenwood,* Asst. U. S. Atty., for defendant.

COXE, J. The defendant having, upon the authority of *Bartels* v. *Redfield,* 16 FED. REP. 336, 340, conceded the right of plaintiff to maintain the action upon the assigned demand, the only question remaining is as to the sufficiency of the protest. In 1858, when prospective protests were sanctioned by the courts, H. Herman at that time doing business as an importer in his own name, filed with the collector a protest sufficient in form and substance and containing these words: "You are hereby notified that we desire and intend this protest to apply to all future similar importations made by us." The protest was signed "H. Herman." On the first day of March, 1859, he associated with him one J. B. Demesquita, and thereafter all business was done and importations made in the name of H. Herman & Co. It is admitted that the collector exacted illegal duties of the firm which should be refunded provided an action can be maintained upon a protest made by H. Herman before the formation of the copartnership. The statute then in force provided in substance that the decision of the collector should be conclusive against the owner of the merchandise unless he gave notice of his dissatisfaction in writing to the collector. Act of March 3, 1857, (11 St. at Large, p. 192, § 5.) It will be observed that this act does not in terms require a signature to the protest, while the act of 1845 provides that it shall be signed by the claimant.

A careful examination has failed to discover a decision upon the precise question now presented; the following propositions are, however, abundantly ·sustained by authority. Protests are commercial documents, if they are sufficiently formal and accurate to inform the collector distinctly and unequivocally of the position of the importer, the object of the statute is accomplished. Made amid the hurried activity of trade it is not intended that they shall possess all the technical precision of legal documents. They have always been liberally construed by the courts, and great formality or fullness is not to be expected and should not be required. *Swanston* v. *Morton*, 1 Curt. C. C. 294; *Kriesler* v. *Morton*, Id. 413; *Burgess* v. *Converse*, 2 Curt. C. C. 216; *Arthur* v. *Dodge*, 101 U. S. 34; *Davies* v. *Arthur*, 96 U. S. 148; In *Greely's Adm'r* v. *Burgess*, 18 How. 413, the merchandise was imported by B. Burgess & Sons and the protest was signed by N. B. Gibbs, one of the copartners. The correctness of the signature appears not to have been disputed. In *Swartwout* v. *Gihon*, 3 How. 110, it was held, before the act of 1845, that a verbal protest was sufficient. The defendant, in *Gray* v. *Lawrence*, 3 Blatchf. 117, objected to the sufficiency of the protest because it was not signed by the claimant personally, and the court decided "that an entry or protest made by an agent is, in law, made by the principal, and that the act of 1845 did not necessarily impugn that general principle."

In the case at bar I cannot think that the collector was misled, the protest was very clear and specific in pointing out the grounds of dissatisfaction, and had Herman continued to transact business alone, it is admitted that it would have been sufficient. There would be hardly room to doubt that a protest in precisely similar form attached to a firm entry would have answered the requirements of the law, not only as to the merchandise described, but as to future importations also. The theory upon which continuing protests were permitted was, that the protest survived the particular act complained of, and was operative and in force as often as the alleged illegal act was repeated. Having once received notice that the importer regarded the exactions as unlawful, the collector, as often as he compelled the payment of the same amount, was in law deemed to be informed of the merchant's complaint, and for this purpose the protest already on file was regarded as having been made again and as attaching to each succeeding entry with the same force and·effect as when first made. Why then, in its legal effect, was not the protest here as effectual as if it had been taken from the individual entry and actually attached to the firm entry? The collector, seeing such a paper signed by H. Herman annexed to an entry of H. Herman & Co. could not for a moment doubt its import. Upon the facts presented it is thought that adequate notice was given, notwithstanding the fact that the plaintiff took a partner and added "and Co." to his name. If he had continued to import goods individually after the formation of the firm there might have been room for misunder-

standing and confusion, but how the collector could have been misled upon the admitted facts in this case it is not easy to perceive. He knew that H. Herman had ceased to import individually and that H. Herman & Co. had succeeded to the business and were engaged in importing precisely similar goods, on which he was exacting precisely similar duties—this appeared from the firm entries. He knew also that H. Herman had protested against these illegal exactions whenever made. He must have known of the position taken by the importers.

The plaintiff is entitled to judgment for the amounts which it is admitted were unlawfully exacted.