**HANCOCK GROSS MFG., INC.**

**v.**

**UNITED STATES.**

C. R. D. 75–6, Court Nos. 65/2629 and 69/14620.

United States Customs Court.

Sept. 29, 1975.

Allerton deC. Tompkins, New York City, for plaintiff.

Rex E. Lee, Asst. Atty. Gen. (John J. Mahon, trial atty., New York City, for defendant.

OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S CROSS-MOTION TO CORRECT ITS NAME

NEWMAN, Judge:

Pursuant to rule 4.7(b)(1) of this court defendant has moved to dismiss these two protests on the ground that plaintiff is not a proper party and has no standing to file the actions. In response to defendant's motion, plaintiff has filed an opposition, and a cross-motion to change the plaintiff-corporate name in these cases from Hancock Gross Mfg., Inc. to Hancock-Gross, Inc. Defendant has opposed the cross-motion.

It is abundantly clear that defendant's motion should be denied, and plaintiff's cross-motion should be granted.

1.

Briefly, the pertinent facts are:

The subject merchandise (plumbing supplies) was imported through the port of Philadelphia in 1964. Entries were filed by Davies, Turner & Co., a Philadelphia customhouse broker, for the account of Hancock Gross Mfg., Inc. (Hancock-Gross), plaintiff herein. The consumption entry forms (Customs Form 7501) declare that:

\* \* \* I [Davies, Turner & Co.] am the [x] nominal consignee and that

the actual owner for customs purposes is as shown above [Hancock Gross Mfg., Inc.] * * *.

Further, the commercial and special customs invoices show that Hancock-Gross was the actual purchaser of the merchandise. However, the "Carrier's Certificate and Release Order" (Customs Form 7529) in each entry certifies "that DAVIES, TURNER & CO. of PHILADELPHIA, PENNA. is the owner or consignee of such articles within the purview of section 484(h), Tariff Act of 1930." Additionally, no owner's declaration or superseding bond was filed by Davies, Turner pursuant to 19 U.S.C. § 1485(d) (1964) and 19 CFR § 8.18(d) (1964).*

Protest No. 65/2629 was signed by plaintiff's counsel on behalf of Hancock Gross Mfg., Inc. and Davies, Turner & Co. as follows:

Respectfully, HANCOCK GROSS MFG., INC. (DAVIES, TURNER & CO.)

BY:

Allerton deC. Tompkins, Attorney
44 Whitehall Street,
New York, N.Y. 10004

Protest No. 69/14620 was similarly signed by plaintiff's counsel on behalf of both Hancock Gross Mfg., Inc. and Davies, Turner & Co. However, at the time of making the entries and filing the protests plaintiff's correct corporate name was Hancock-Gross, Incorporated, pursuant to an amendment of its corporate name on June 28, 1961.

2.

The Government urges that the protests be dismissed for lack of jurisdiction on the ground that the entries were made by Davies, Turner & Co., the importer of record, while the protests were filed by Hancock Gross Mfg., Inc., which party was neither the "importer" nor the "consignee" for tariff purposes. In support of its position, defendant cites: *Wilmington Shipping Company v. United States,* 52 Cust.Ct. 650, A.R.D. 175 (1964), *aff'd* 52 CCPA 76, C.A.D. 861 (1965), and *Top Form Brassiere Mfg. Co., Ltd. v. United States,* 68 Cust.Ct. 288, R.D. 11770, 342 F.Supp. 1167 (1972).

Defendant also attempts to buttress its motion by attaching certified copies of the "Articles of Amendment" filed with the Department of State in Pennsylvania and the "Certificate of Amendment" dated June 28, 1961 issued by the State of Pennsylvania changing the corporate name of plaintiff from Hancock Gross Manufacturing, Inc. to Hancock-Gross, Incorporated.

Plaintiff argues that it has standing to file these protests as the actual owner

* 19 U.S.C. § 1485(d) (1964) reads as follows:
(d) A consignee shall not be liable for any additional or increased duties if (1) he declares at the time of entry that he is not the actual owner of the merchandise, (2) he furnishes the name and address of such owner, and (3) within ninety days from the date of entry he produces a declaration of such owner conditioned that he will pay all additional and increased duties, under such regulations as the Secretary of the Treasury may prescribe. Such owner shall possess all the rights of a consignee.
19 CFR § 8.18(d) (1964) provides:
(d) A consignee in whose name an entry is made who desires under the provisions of section 485(d), Tariff Act of 1930, to be relieved from direct liability for the payment of increased and additional duties shall file a declaration of the actual owner of the merchandise on customs Form 3347. If the consignee desires to be relieved also from the liability for the payment of such duties voluntarily assumed by him in the single-entry bond which he filed in connection with the entry or in his term bond against which the entry was charged, he shall file with the collector of customs within 90 days from the date of entry a superseding bond on customs Form 7601 of the actual owner whose declaration on customs Form 3347 has been filed in accordance with section 485(d) and the regulations in this part. The filing of the owner's declaration and of the superseding bond by the nominal consignee is optional and no bond shall be required for the production of either. Neither the owner's declaration nor the superseding bond shall be accepted unless filed by the nominal consignee or his duly authorized agent. * * *

and importer of the merchandise, citing: *United States v. Waterbury Lock & Specialty Co.,* 35 CCPA 131, C.A.D. 384 (1948); *Adolco Trading Co. v. United States,* 71 Cust.Ct. 145, C.D. 4487 (1973); *Air Carrier Supply Corporation v. United States,* 35 Cust.Ct. 173, C.D. 1740 (1955), *aff'd* 44 CCPA 116, C.A.D. 647 (1957); *Great Lakes Foundry Sand Co. v. United States,* 15 Cust.Ct. 256, Abs. 50442 (1945), *appeal dismissed,* 33 CCPA 190 (1945).

Plaintiff also contends that Hancock Gross Mfg., Inc. is the same corporation as Hancock-Gross, Inc., and that the corporation merely changed its name. In support of its cross-motion to correct its name in these protests, plaintiff has submitted the identical "Articles of Amendment" and "Certificate of Amendment" relied upon by defendant in its motion to dismiss.

### 3.

 Under section 514 of the Tariff Act of 1930, the party filing a protest must be "the importer, consignee, or agent of the person paying such charge or exaction". Fundamentally, of course, the court lacks jurisdiction over a protest filed by a party which does not fall within one of the authorized classes of persons specified in section 514. *Shigoto International Corp. v. United States,* 66 Cust.Ct. 252, C.D. 4199 (1971). And protests which are a nullity cannot be amended. *Heemsoth Kerner Corporation v. United States,* 31 Cust.Ct. 113, C.D. 1554 (1953).

In the decisions relied upon by plaintiff, cited *supra,* the courts have recognized the purchaser and actual owner of the importations as a party authorized to file protests. In this connection, the following observations by Judge Miller of our appellate court, concurring in the very recent decision of *United States v. Wedemann & Godknecht, Inc.,* 62 CCPA ——, C.A.D. 1151, 515 F.2d 1145 (1975), are apposite here:

> The courts have consistently permitted the owner-importer of the merchandise or his agent to protest the decision of the collector, even though such owner-importer or agent (or both) was not so identified in the entry papers, upon proof of identity at the trial. See *United States v. Hannevig,* 10 Ct.Cust.App. 124, T.D. 38384 (1920); *Adolco Trading Co. v. United States,* 71 Cust.Ct. 145, C.D. 4487 (1973); *Great Lakes Foundry Sand Co. v. United States,* 15 Cust.Ct. 256, Abs. 50442 (1945); *Bernstein v. United States,* 59 Treas.Dec. 870, T.D. 44800 (Cust.Ct.1931); *Davies, Turner & Co. v. United States,* 58 Treas.Dec. 1216, Abs. 14407 (Cust.Ct.1930); *Gray v. Lawrence,* 10 F.Cas. 1031 (No. 5,722) (C.C.S.D.N.Y.1853). The import of these decisions is that, for purposes of section 514, a protest may be filed by one who proves that he is the real party in interest or his agent. Thus, in *Bernstein,* supra, the concuring opinion quoted the following portion of Chief Justice Taney's opinion in *Mason v. Kane,* 16 F.Cas. 1044 (No. 9,241) (C.C.D.Md.1851):

> > We see no inconvenience that can arise to the collector, or the public, by permitting the owner to maintain the suit in his own name, instead of suing in the name of his agent or consignee; the payment by the consignee, is the payment by the principal; and the protest of the consignee, the protest of the principal, if he thinks proper to adopt it. We think the practice in some of the circuits has sanctioned suits by the foreign owner, in cases of this description; and as this practice is consistent with a fair construction of the act of 1845, and no injustice or inconvenience can arise from it, the court are of opinion, that this objection must be overruled.

But *cf. Baylis Brothers Co., etc. v. United States,* 75 Cust.Ct. ——, C.D. 4611 (1975).

Here, defendant has not attempted to distinguish any of the precedents relied

816

upon by plaintiff, but merely "suggests" (in a footnote) that *Adolco Trading Co.* "is not dispositive of the issue herein". Moreover, *Wilmington Shipping Company* and *Top Form Brassiere Mfg. Co., Ltd.*, relied on by defendant, are reappraisement cases arising under 19 U.S.C. § 1501, and therefore are not deemed controlling in the present protest cases involving section 1514. Furthermore, it may be noted that in *Control Data Corporation v. United States*, 61 CCPA 109, C.A.D. 1132, 499 F.2d 1304 (1974), jurisdiction under section 1501 was upheld in certain appeals for reappraisement notwithstanding that the appeals were not filed by the consignee (Norman G. Jensen, Inc.), but rather by the actual owner of the goods (Control Data Corporation). In *Control Data*, the jurisdictional issue was raised *sua sponte* by Judge Richardson relying upon, *inter alia*, *Wilmington Shipping*. See *United States v. Control Data Corporation*, 69 Cust.Ct. 274, A.R.D. 310, 352 F.Supp. 1392 (1972).

In any event, the significant fact remains that the protests were signed by plaintiff's attorney on behalf of Davies, Turner, as well as Hancock-Gross, and consequently the protests must be considered as filed by both the nominal and ultimate consignees. Plainly, then, there is no basis under rule 4.7(b)(1) for dismissal of these protests.

Hence, the caption of these cases hereafter shall include Davies, Turner & Co. as a party-plaintiff.

4.

Finally, defendant's contention that the court lacks jurisdiction of the protests because they were filed by Hancock Gross Mfg., Inc. rather than Hancock-Gross, Inc., is without merit. There has been no showing that the different names refer to two different and separate companies. Instead, it is undisputed that Hancock Gross Mfg., Inc. merely amended its name, and is one and the same corporate party as Hancock-Gross, Inc. By contrast, in *Shigoto International Corp.*, Judge Maletz held that the

protests were jurisdictionally defective where the importer, Shigoto Industries, Ltd., and the protestant, Shigoto International Corp., were shown by testimony to be entirely different companies.

While the carelessness displayed here respecting the proper naming of a corporate party in the protests is not "condoned", nevertheless I feel strongly that such technical error is properly amenable to correction. Thus, in *Wedemann & Godknecht, Inc.* Judge Rich, writing for the majority of our appellate court, very recently expressed the principle that section 514 was to be "liberally construed in furtherance of justice", and so far as pertinent here, also commented as follows (62 CCPA at ——, 515 F.2d at 1149):

> We do not mean by this opinion to condone slipshod performance by the customs bar in complying with the tariff statutes. If, as the Government would have us believe, filing of protests in the name of the wrong party is becoming a problem, we hope that the excessive litigation which has resulted from what was done in this case will be taken as a lesson. But we think the penalty should fit the crime and that FFB [Farbenfabriken Bayer, A. G.] should not have to foot the bill for improving professionalism in the customs bar and among brokers.

5.

For the reasons stated herein, it is hereby ordered:

1. Defendant's motion to dismiss is denied.

2. Plaintiff's motion to change the name of the captioned plaintiff from Hancock Gross Mfg., Inc. to Hancock-Gross, Inc. is granted.

3. Hereafter, the caption of these cases shall include Davies, Turner & Co. as a party-plaintiff.

4. Defendant shall serve its answers to the complaints in these protests within thirty days after service by the clerk of a copy of this opinion and order.