**MITCHELL FOOD PRODUCTS, INC.,**
**(formerly Southern Gold Citrus Prod-**
**ucts, Inc.), Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 01–1412.

United States Court of Appeals,
Federal Circuit.

DECIDED: July 30, 2002.

---

Before MICHEL, RADER, and
GAJARSA, Circuit Judges.

MICHEL, Circuit Judge.

Plaintiff–Appellant Mitchell Food Products, Inc. ("Mitchell Food") appeals from a judgment of the United States Court of International Trade denying its claim for drawback duties ceded to the United States Customs Service ("Customs") following an audit. *Mitchell Food Products, Inc. v. United States,* 2001 WL 366383, slip op. 01–43 (Ct. Int'l Trade Apr. 12, 2001). The court essentially found a failure of proof by the recollection testimony that Mitchell Food offered of transactions recorded in lost documents. Because the trial court did not definitively resolve the standing and real party in interest objections, however, we *vacate and remand* for a determination of these issues in the first instance.

It is unclear to us from the trial court's opinion whether it proceeded to the merits after finding that Mitchell Food had standing, or whether it merely assumed standing in order to reach the case on the merits. In our view, on remand, the court must determine both whether Mitchell Food has standing and whether Mitchell Food is the real party in interest.

Standing and real party in interest are two distinct concepts, but both are necessary to prevail. *See* Wright & Miller, Federal Practice & Procedure, Vol. 6 § 1543 (1990). Standing requires that there be an injury-in-fact fairly traceable to the actions of the defendant that is redressable by the court, and these elements are "an indispensable part of the plaintiff's case." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The real party in interest requirement, on the other hand, focuses on ensuring that the proper plaintiff is prosecuting the claim, *i.e.,* that the plaintiff is the person who possesses the right to be enforced. Fed.R.Civ.P. 17; Wright & Miller, § 1543. Real party in interest, unlike

standing, is not jurisdictional. And real party in interest, we note, can be cured under Federal Rule of Civil Procedure 17(a).[1]

There can be no doubt that Southern Gold, Mitchell Food's alleged predecessor in interest, would have had standing to bring this suit. In 1993, Southern Gold asserts it relinquished its trade name at the behest of its parent corporation and changed its name to "Mitchell Food" so that a sister corporation could use the Southern Gold name. It appears from the record that the corporate change may have been in name only. Therefore, Mitchell Food qua Mitchell Food may have standing, *i.e.*, if it *is* the corporate entity that has suffered an injury-in-fact caused by the government for which it can be made whole by an award of damages. *Lujan*, 504 U.S. at 560.

It appears Mitchell Food may also be the real party in interest:

> [D]efendant's contention that the court lacks jurisdiction [sic] of the protests because they were filed by Hancock Gross Mfg. Inc. rather than Hancock–Gross, Inc., is without merit [because] there has been no showing that the different names refer to two different and separate companies. Instead, it is undisputed that Hancock Gross Mfg., Inc. merely amended its name, and is one and the same corporate party as Hancock–Gross, Inc.

*Hancock Gross Mfg., Inc. v. United States*, 75 Cust.Ct. 188, 400 F.Supp. 813, 816 (Cust.Ct.1975); *accord Diamond Match Co. v. United States*, 49 C.C.P.A. 52, 57 (1962) (refusing to invalidate a customs protest for an improperly named plaintiff because the "inaccuracy of the name used in the protest was not such as to fail to disclose the real party in interest or to mislead the importer or the government"). In the record before us, however, Mitchell Food at one point represented to Customs that Southern Gold's name was changed to Mitchell *Citrus*, not Mitchell *Food*. How Southern Gold or Mitchell Citrus became Mitchell Food Products, the named plaintiff, may be of concern, and this issue must be resolved by the trial court.

Accordingly, on remand the trial court must determine whether Mitchell Food has standing and is the real party in interest to bring the present cause of action. Unless appellant satisfies these dual requirements, neither the trial court nor our court has the power to address the merits of the suit. Thus, the judgment of the Court of International Trade is vacated and remanded.

## COSTS

Each party to bear its own costs.

---

1. Rule 17(a) reads in pertinent part: "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."