# In the United States Court of Federal Claims

No. 18-1387T

(Filed: November 19, 2018)

| | |
|---|---|
| JOHN W. BARRY, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

Pending before the court are two notices filed by individual plaintiffs in this multi-party action, each requesting that the particular plaintiff be deemed to act as a "representative" of others. In support of the requests, the requesting plaintiffs point to difficulties in coordinating with the geographically disparate plaintiffs. *See* Notice (filed by Rosemarie M. Lastimado-Dradi) ("Lastimado-Dradi Notice"), ECF No. 10, at 1; Notice (filed by Paul K. Meyer) ("Meyer Notice"), ECF No. 11, at 1. Twenty named plaintiffs appear in the case, all *pro se*, spread across five states and multiple time zones.

Plaintiffs in the case are not a part of a class action, certified pursuant to Rule 23 of the Rules of the Court of Federal Claims ("RCFC"). Rather, plaintiffs are subject to Rule 83.1(a)(3), which limits the ability of *pro se* plaintiffs to represent other *pro se* litigants before this court. "An individual who is not an attorney may represent oneself or a member of one's immediate family, but may *not* represent a corporation, an entity, or any other person in any proceeding before this court." RCFC 83.1(a)(3) (emphasis added). In this context, immediate family is defined to encompass only a person's "parents, spouse, children, and siblings." *Howell v. United States*, 127 Fed. Cl. 775, 782-83 (2016) (citing *Kogan v. United States*, 107 Fed. Cl. 707, 708-09 (2012); *Black's Law Dictionary*, 720 (10th Ed. 2014)).

Because plaintiffs are not participating in a class action and are not members of one immediate family, they may not represent one another. *See Howell*, 127 Fed. Cl. at 782-83 (citing *Talasila, Inc. v. United States*, 240 F.3d 1064, 1066 (Fed. Cir. 2001)) (additional citations omitted). Although plaintiffs claim they are all "members of a private non-profit civic organization," *see* Lastimado Dradi Notice at 1, Meyer Notice at 1, this is not signigicant. *Pro se* litigants may not represent *any* other entity or person, regardless of their collective status. *See* RCFC 83.1(a)(3). Thus, it is immaterial what type of organization or entity with which plaintiffs might be affiliated – each plaintiff in this case must be responsible for his or her own claims,

even if that representation imposes "substantial financial hardship."[1] *Id.* (citing *Richdel, Inc. Sunspool Corp.*, 699 F.2d 1366, 1366 (Fed. Cir. 1983)). Indeed, plaintiffs appear to admit as much on their website, which states "[w]e cannot legally represent any of our members." *See* Foreclosure Revolution Cooperative, Free Consultation (last accessed Nov. 11, 2018), https://www.foreclosurerevolutioncooperative.org/consultations.

Notably also, the actual requests made in the notices are ambiguous and could not be accepted even if the requests were procedurally proper. Despite plaintiffs' attempt to nominate "immediate contacts for the [p]arty [p]laintiffs in the various portions of the country where [they] are located" to facilitate communications, both of the notices filed by Mr. Meyer and Ms. Lastimado-Dradi attempt to nominate themselves as representatives for plaintiffs in the "western part of the United States." Lastimado-Dradi Notice, at 1; Meyer Notice, at 1.

Finally, RCFC 17 requires that any "any action must be prosecuted in the name of the real party in interest." RCFC 17(a)(1). The real party at interest is the "the party that 'possess the right to be enforced.'" *Ground Improvement Techniques, Inc. v. United States*, 618 Fed. Appx. 1020, 1025 (Fed. Cir. 2015) (quoting *Grass Valley Terrace v. United States*, 69 Fed. Cl. 543, 546 (2006)). "This rule 'focuses on ensuring that the proper plaintiff is prosecuting the claim, *i.e.*, that the plaintiff is the person who possesses the right to be enforced.'" *Anchor Savings Bank, FSB v. United States*, 121 Fed. Cl. 296, 313 (2015) (quoting *Mitchell Food Products, Inc. v. United States*, 43 Fed. Appx. 369, 369 (Fed. Cir. 2002)). In this instance, permitting two plaintiffs to act as representatives for others would improperly allow one person to assert the claims of other persons who actually possess the alleged claims.

For forgoing reasons, plaintiffs' requests to appoint themselves are representatives are DENIED. As *pro se* plaintiffs, they are not permitted to act as representatives of others who are not members of their immediate family.

It is so **ORDERED**.

_____
Charles F. Lettow
Senior Judge

---

[1] The Foreclosure Revolution Cooperative apparently charges $400.00 to provide prospective "members" with the "opportunity" to "sign for the Limited Power of Attorney." *See* Foreclosure Revolution Cooperative, Home (last accessed Nov. 16, 2018), https://www.foreclosurerevolutioncooperative.org/home. The group also solicits donations. *Id.*