U.S. POLYCON CORP., Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 97–45 C.

United States Court of Federal Claims.

Jan. 27, 1999.

Paul T. Phillips, sole shareholder of U.S. PolyCon Corp., Panama City, FL, for plaintiff.

Lawrence N. Minch, with whom were Assistant Attorney General Frank W. Hunger, David M. Cohen and Kirk T. Manhardt, Washington, DC, for defendant.

## OPINION and ORDER

TURNER, Judge.

This case stands on plaintiff's motion filed January 21, 1997 to be allowed to be represented by its non-lawyer sole shareholder despite the stricture of RCFC 81(d)(8) ("A corporation may only be represented by counsel."). For reasons set forth below, we conclude that it is appropriate to grant the motion.

The plaintiff corporation is wholly owned and controlled by its sole shareholder, Paul T. Phillips. As the sole shareholder, Phillips seeks permission to appear on behalf of U.S. PolyCon Corp. in contravention of RCFC 81(d)(8) to the same extent as if the corporation were an unincorporated sole proprietorship. We find that the policy underlying the rule prohibiting corporations from proceeding without counsel is in no way served by forcing this particular corporation to retain an attorney. In fact, Phillips asserts, if we were to deny plaintiff's motion, the corporation might well be financially unable to maintain its case at all.[1]

## I

Unquestionably, the long-standing, virtually universal general rule concerning appearances on behalf corporate entities is that corporations must be represented by counsel. "It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993). "One of the time-hallowed restrictions on corporations has been that, in court proceedings, they must be represented by a licensed attorney. There is nothing unfair, illegal or unconstitutional in this requirement." *In re Las Colinas Dev. Corp. v. Walter E. Heller & Co.*, 585 F.2d 7, 13 (1st Cir.1978), *cert. denied*, 440 U.S. 931, 99 S.Ct. 1268, 59 L.Ed.2d 487 (1979). See Jay M. Zitter, Annotation, *Propriety and Effect of Corporation's Appearance Pro Se through Agent Who is Not Attorney*, 8 A.L.R.5th 653, §§ 2 & 3 (1992), for collection of cases in a similar vein.

In our own court, it has been held, in construing the predecessor to RCFC 81(d)(8), that "a court is not free to waive this rule, even in cases of severe financial hardship." *Finast Metal Products, Inc. v. United States*, 12 Cl.Ct. 759, 762 (1987).

■ In its opposition to plaintiff's motion to waive RCFC 81(d)(8), defendant cites *Finast* and five other cases for the proposition

1. The motion states that PolyCon has suffered severe financial loss due to an alleged breach of contract by the United States. So great is the loss, it claims, that the corporation cannot afford to hire an attorney to seek redress. Plaintiff asserts that it can find no attorney who will accept the case on a contingency basis. Further in support of the motion to waive RCFC 81(d)(8), sole shareholder Phillips states that he has litigation experience, having already appeared *pro se* in four cases.

that corporations must be represented by counsel. Def. Opp'n to Mot. to Waive RCFC 81(d)(8) at 1 & 2. Four of the cases cited by defendant were decided by the former United States Court of Claims.[2] On points of substantive law, Court of Claims precedent is controlling, binding authority in our cases; however, Court of Claims decisions regarding its rules of procedure are not binding upon this court in the interpretation of our rules promulgated under our own statutory authorization, 28 U.S.C. § 2503(b) (construed in conjunction with 28 U.S.C. § 2071(a),(b),(d) & (e)).

Two of the cases cited by defendant were decided by other judges of this court[3] and thus do not constitute binding precedent.

We conclude that there is no binding precedent which compels a ruling adverse to plaintiff's motion and that the matter is one within the court's discretion in the application of our own rules.[4]

## II

■ One of the very few published opinions authorizing representation of a corporation by its non-lawyer shareholder is *In Matter of Holliday's Tax Services, Inc.*, 417 F.Supp. 182 (E.D.N.Y.1976), *aff'd*, 614 F.2d 1287 (2d Cir.1979) (Table), in which a district court in New York, reversing a bankruptcy court's decision, permitted a corporation to be represented by its sole shareholder, it having been suggested that the bankrupt company could not afford legal counsel. The district court reasoned that forcing a small, closely-held corporation to retain counsel simply to avoid burdening courts with a layman's poorly drafted documents and arguments would be unfair. The court reasoned: "A person's day in court is ... more important than the convenience of the judges.... To require this corporation to appear by a

lawyer is effectively to exclude it and its sole shareholder from the courts." *Id.*, 417 F.Supp. at 183. The court noted that there are thousands of small, closely-held corporations which are often incorporated as "merely a technicality, facilitating competitive economic activity by individuals" and that "[f]ailure of the 'corporation' is, for all practical purposes, the failure of the individual entrepreneur." *Id.* at 184. *But see Rowland v. California Men's Colony*, 506 U.S. at 202 n. 5, 113 S.Ct. 716 (denigrating, but not abrogating, *Holliday's Tax Services* ).

Although the *Holliday's Tax Services* court was strongly influenced by the fact that it was dealing with a bankrupt in a bankruptcy proceeding ("The traditional rule is unnecessarily harsh and unrealistic when applied in bankruptcy to small, closely-held corporations."), its rationale is equally applicable to sole-shareholder corporations in more traditional civil actions.

## III

There is no federal statute which prohibits a corporation from being represented by its sole shareholder. There is a federal statute, 28 U.S.C. § 1654, which guarantees the right of individual parties to appear *pro se* in Article III courts. That statute provides: "In all courts of the United States the parties may plead and conduct their own cases personally...." Although that statute does not apply in our court, see 28 U.S.C. §§ 172(a) & 451, our related *pro se* rule, RCFC 81(d)(8), is even broader.

RCFC 81(d)(8) provides: "An individual may represent oneself or a member of one's immediate family as a party before the court. Any other party, however, must be represented by an attorney .... A corporation may only be represented by counsel."

---

2. Court of Claims cases relied on by defendant are *Whited Co. v. United States*, 229 Ct.Cl. 623, 1981 WL 22080 (1981); *S.R. Weinstock & Ass'n v. United States*, 223 Ct.Cl. 677, 650 F.2d 286 (1980); *International Institute for Fundamental Studies, Inc. v. U.S.*, 222 Ct.Cl. 626, 630, 1980 WL 13138 (1980); *Algonac Mfg. Co. v. United States*, 198 Ct.Cl. 258, 261, 458 F.2d 1373, 1375 (1972).

3. In addition to *Finast Metal Products* cited in text, defendant relies upon *Williams v. United*

*States*, 11 Cl.Ct. 189, 190–91 (1986), *aff'd*, 818 F.2d 877 (Fed.Cir.1987) (Table).

4. *See In the Matter of Holliday's Tax Services, Inc.*, 417 F.Supp. 182, 184 (E.D.N.Y.1976), *aff'd*, 614 F.2d 1287 (2d Cir.1979) (Table) ("Modifying the absolute rule of corporate representation in bankruptcy cases ... rests on the inherent power of a court to supervise the proper administration of justice.").

## IV

The reasons given for the universal general rule (and our rule)—that corporations must appear through a duly-licensed attorney—fall into four categories:

1. Non-lawyers burden the court system with poorly drafted pleadings and poorly conducted proceedings and, further, are not knowledgeable about or subject to the lawyer's ethical duties and sanctions.

2. The interests of an association of individuals cannot be adequately represented by any single member. Stated another way, if a non-lawyer shareholder or officer represents a corporation, the interests of absent shareholders, officers and directors may be adversely affected through inept or vexatious handling.

3. Since a corporation is an artificial entity, it can only act through agents, and those agents must be acceptable to the court.

4. Those who take advantage of the corporate form of doing business and receive the benefits (e.g., limited liability) must suffer the corresponding disadvantages.

We address these categories in turn.

### A

The first rationale, concerning the disadvantages of lay participation in court proceedings, would prevent all *pro se* representation, yet such appearances are protected by statute in Article III courts and by rule in our court. Our rule even permits representation of a person by a non-lawyer member of the immediate family. As a general proposition, courts would operate more smoothly and cases would be processed more efficiently if both parties were represented by attorneys admitted to practice. But if lay participation is permitted in cases filed by individuals (including sole proprietors asserting business claims) and lay family members, this rationale has no persuasive force when a sole shareholder seeks leave to represent his corporation.

### B

The second rationale, concerning the interests of absent shareholders and other affected persons, is certainly valid and persuasive with respect to corporations and associations with numerous stockholders or members. But the rationale has no validity with respect to a sole-shareholder corporation. In such circumstance, the only economic interests possibly effected are those of the lay person seeking to represent the corporation. Under our *pro se* rule, we frequently have sole proprietors appearing *pro se* to litigate claims related to their unincorporated businesses. We can perceive no persuasive distinction between such appearances by sole proprietors and the appearance of a non-lawyer sole shareholder on behalf of his incorporated business entity.

Phillips is the only person whose economic interests will be affected by the outcome of this action. To deny that individual the right to litigate his business claims simply because he chose to incorporate is inconsistent and illogical when identically-situated sole proprietors can proceed *pro se*.

### C

The third category, concerning the truism that a fictional entity may only appear through human actors acceptable to the court, begs the question. The issue is whether the court should permit a sole-shareholder corporation, in circumstances like plaintiff's, to be represented by its non-lawyer shareholder. Thus, this third rationale is simply not relevant to resolution of the issue.

### D

The fourth category, that those who take advantage of incorporation must suffer the corresponding disadvantages, is based on a false premise. Surely the rationale of the rule under review was not to provide undesirable consequences of incorporation to balance the advantages. Rather, the purpose surely was to protect absent shareholders and to insure that complex matters are handled with competence and relative efficiency. These considerations have no application when a sole shareholder seeks to represent his incorporated business.

### V

We conclude that the plaintiff corporation should be permitted to be represented by its non-lawyer sole shareholder. By this opin-

ion, we do not mean to suggest that the court's rule prohibiting corporations from proceeding *pro se* ought to become freely waiveable. There are sound reasons for the rule, and it should be enforced with respect to most corporate plaintiffs. Rather, we intend merely to recognize that situations exist in which it would be inconsistent and unfair to enforce the rule strictly and that this is one of them.

We find that there is good cause for an exception to the general rule when a *sole* shareholder alleges that the cost of counsel would make the litigation prohibitive and when the cause asserted is one that the sole shareholder would be making as an individual if he had elected to do business as a sole proprietorship. Not to permit an exception in this circumstance would be elevating form over substance and constitute a failure to appreciate that the rule undoubtedly was adopted with multi-shareholder corporations in mind.

Court rules and procedures are promulgated, *inter alia*, to achieve fairness. If we blindly enforce the literal terms of a general rule without regard to whether such enforcement furthers the rule's underlying policy and without consideration of whether, in given, limited circumstances, a good-cause exception should be made, we risk achieving an unjust result by over-strict application of rules originally promulgated to insure fairness.

## VI

Accordingly, it is ORDERED that plaintiff's motion for waiver of RCFC 81(d)(8) to the limited extent of permitting the plaintiff corporation to be represented in this civil action by its sole shareholder, Paul T. Phillips, is GRANTED.[5]

The deadline for defendant's answer or other response to the complaint shall be Monday, March 29, 1999.

---

5. Plaintiff should be aware that if this litigation ever requires an appearance before the United States Court of Appeals for the Federal Circuit, to which all appeals from judgments of this court must be taken, representation by a duly licensed attorney admitted to practice before that court will likely be required. *See Richdel, Inc. v. Sunspool Corp.*, 699 F.2d 1366 (1983).