**TALASILA, INC., Plaintiff,**

**and**

**M.R. Mikkilineni, Plaintiff–Appellant,**

**v.**

**UNITED STATES, Defendant–Appellee.**

**No. 00–5134.**

United States Court of Appeals, Federal Circuit.

Feb. 16, 2001.

Rehearing and Rehearing En Banc Denied March 27, 2001.

M.R. Mikkilineni, of Washington, DC, pro se.

Wanda Rubianes–Collazo, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were David M. Cohen, Director; and Kathryn A. Bleecker, Assistant Director.

Before CLEVENGER, SCHALL, and BRYSON, Circuit Judges.

PER CURIAM

M.R. Mikkilineni appeals from the order of the United States Court of Federal Claims that dismissed his complaint without prejudice for failure to comply with Rule 81(d)(8) of the Rules of the Court of Federal Claims. *Talasila, Inc. v. United States*, No. 97–439 C (Fed.Cl. Aug. 17, 2000) (order) (*"Talasila"*). We affirm.

BACKGROUND

Plaintiffs Talasila, Inc. and M.R. Mikkilineni filed a complaint against the United States in the Court of Federal Claims on June 24, 1997. The complaint alleged that the United States had improperly terminated for default a contract with Talasila and sought in excess of one million dollars in damages. At the time the complaint was filed, plaintiffs were represented by an attorney, James P. Ross. On April 15, 1999, Mr. Ross moved to withdraw as the attorney for plaintiffs. The court granted the motion on April 19, 1999, and gave plaintiffs until June 18, 1999 to notify the court how they wished to proceed with the matter. *Talasila, Inc. v. United States*, No. 97–439 C (Fed.Cl. Apr. 19, 1999) (order). The court informed plaintiffs that its rules require a corporate litigant to be represented by counsel, and that Talasila would have to obtain new representation in order to proceed with its suit. *Id.*, slip op. at 1.

On May 5, 1999, James R. Cooney filed a notice of appearance on behalf of plaintiffs. Mr. Cooney, however, was not admitted to practice before the Court of Federal Claims. *Talasila, Inc. v. United States*, No. 97–439 C (Fed.Cl. May 8, 2000) (order). Accordingly, on May 8, 2000, the court ordered Talasila to obtain the representation of competent counsel, either by engaging new counsel or by having Mr. Cooney seek admission to the Court of Federal Claims bar. *Id.* In response, plaintiffs stated that Talasila, a Texas corporation, had been dissolved in August of 1997, and argued that Mikkilineni was the real party-in-interest in the case. Plain-

tiffs asserted that, as the sole shareholder of a dissolved corporation, Mikkilineni should be permitted to proceed without representation before the court. The court rejected this argument, and again ordered Talasila to secure representation. When plaintiffs failed to comply with this order, the court dismissed plaintiffs' complaint without prejudice on August 17, 2000. *Talasila,* slip op. at 2. On August 29, 2000, plaintiffs requested reconsideration of the dismissal order. The court denied the request on September 5, 2000. *Talasila, Inc. v. United States,* No. 97–439 C (Fed.Cl. Sep. 5, 2000) (order). Mikkilineni appeals from the dismissal of the complaint. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

■ The sole issue presented by this appeal is whether the Court of Federal Claims must permit Mikkilineni to appear *pro se* in order to assert the claim of the dissolved corporation of which he is the only successor-in-interest. This is a question of law which we review *de novo. See H.B. Mac, Inc. v. United States,* 153 F.3d 1338, 1343 (Fed.Cir.1998).

The authority of the Court of Federal Claims to promulgate rules of practice and procedure before the court is derived from 28 U.S.C. § 2503, which provides that "[t]he proceedings of the Court of Federal Claims shall be in accordance with such rules of practice and procedure ... as the Court of Federal Claims may prescribe." 28 U.S.C. § 2503 (1994). The relevant portion of the rule at issue here, Rule 81(d)(8) of the Rules of the Court of Federal Claims, provides:

> An individual may represent oneself or a member of one's immediate family as a party before the court. Any other party, however, must be represented by an attorney who is admitted to practice in this court. A corporation may only be represented by counsel.

Fed.Cl.R. 81(d)(8). This rule reflects the law "that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 201–02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) (noting that this law has been in effect "for the better part of two centuries").

Pursuant to Rule 81(d)(8), Talasila must be represented by counsel in order to pursue its claim against the United States in the Court of Federal Claims. *See, e.g., Midstar, Inc. v. United States,* 33 Fed.Cl. 669, 671 (1995), *Sermor, Inc. v. United States,* 13 Cl.Ct. 1, 7 (1987); *Finast Metal Prods., Inc. v. United States,* 12 Cl.Ct. 759 (1987). "The court is not free to waive this rule, even in cases of severe financial hardship." *Finast,* 12 Cl.Ct. at 762 (citing *Richdel, Inc. v. Sunspool Corp.,* 699 F.2d 1366 (Fed.Cir.1983) (interpreting the analagous rule of the Court of Appeals for the Federal Circuit)).

■ The fact that Talasila is now a dissolved corporation and that Mikkilineni, as sole shareholder of the dissolved corporation, is the sole successor-in-interest to the corporation's assets, does not affect the applicability of Rule 81(d)(8). As noted by the Court of Federal Claims, under Texas law, "[a] dissolved corporation shall continue in its corporate existence for a period of three years from the date of dissolution, for the ... purpose[ of] prosecuting ... in its corporate name any action or proceeding by ... the dissolved corporation." Tex. Bus. Corp. Act. Ann. art. 7.12(A) (West 2000). "If an action or proceeding on an existing claim by ... a dissolved corporation is brought before the expiration of the three-year period following the date of dissolution ... the dissolved corporation shall continue to survive ... for purposes of that action or proceeding until all judgments, orders, and decrees therein have been fully executed...." *Id.* art 7.12(D). Thus, Texas law requires that the present action, which relates to the rights of the corporation and which was brought prior to the corporation's dissolu-

tion, be maintained by the corporation, Talasila, not by Mikkilineni.

Mikkilineni cites several cases for the proposition that, under Texas law, he is entitled to maintain this suit in his own name, and, therefore, to appear *pro se* before the Court of Federal Claims. At the outset, we note that these cases, issued by Texas state courts, do not control the issue of whether a corporation appearing in the Court of Federal Claims must be represented by an attorney. In any event, these cases do not support Mikkilineni's position. *Burkburnett Refining Co. v. Ilseng*, 116 Tex. 366, 292 S.W. 179 (1927), addresses the prior version of the Texas statute pertaining to dissolved corporations. That statute did not contain the express provision, found in the current statute, that a dissolved corporation continues in its corporate existence for the purpose of prosecuting actions in its corporate name. *See id.* at 181; Tex. Bus. Corp. Act. Ann. art 7.12(A). In *Vouras v. 3525 Turtle Creek, Inc.*, 369 S.W.2d 819, 821 (Tex.Civ.App.1963), the court determined that a dissolved corporation was the proper plaintiff in the suit because Tex. Bus. Corp. Act. Ann. art. 7.12 provides that the officers and directors of a corporation can maintain judicial proceedings in the name of the corporation if the suit is instituted within three years of the dissolution. Thus, that case supports the Court of Federal Claims' determination that " 'Texas law provides a three-year window in which a voluntarily dissolved corporation must prosecute actions in the corporation's name.' " *Talasila*, slip op. at 2 (quoting *Talasila, Inc. v. United States*, No. 97–439 C, slip op. at 2 (Fed.Cl. June 6, 2000) (order)).

Finally, Mikkilineni states that he cannot afford to hire an attorney for the third time, and he points to *U.S. Polycon Corp. v. United States*, 43 Fed.Cl. 11 (1999), as a case in which a corporation was allowed to maintain an action in the Court of Federal Claims while represented by its sole shareholder. In *Polycon*, a judge of the Court of Federal Claims, different from the judge in this case, granted the motion of a corporate plaintiff to be allowed to be represented by its sole shareholder. *Id.* at 15. The court recognized that, "[u]nquestionably, the long-standing, virtually universal general rule concerning appearances on behalf [of] corporate entities is that corporations must be represented by counsel." *Id.* at 12. The court chose to make an exception to that rule, however, because the corporation's sole shareholder alleged that the cost of hiring counsel would make the litigation prohibitive. The court also noted that the action being asserted by the corporation was one that the sole shareholder could have brought if he had chosen to do business as a sole proprietorship. *Id.* at 15. We decline to follow the reasoning of *Polycon*. The requirement of Rule 81(d)(8) that a corporation be represented by an attorney in the Court of Federal Claims is clear and unqualified, and the plain language of the rule does not contemplate exceptions: "A corporation may only be represented by counsel." Fed.Cl.R. 81(d)(8).

## CONCLUSION

For the foregoing reasons, the order of the Court of Federal Claims is

*AFFIRMED*.

## COSTS

Each party shall bear its own costs.