**TALASILA, INC., Plaintiff,**

**and**

**M.R. Mikkilineni, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 02–5003.

United States Court of Appeals, Federal Circuit.

June 4, 2002.

Rehearing and Rehearing En Banc Denied July 25, 2002.

Before RADER, BRYSON, and PROST, Circuit Judges.

DECISION

PER CURIAM.

M.R. Mikkilineni appeals from a decision of the United States Court of Federal Claims denying his motion for relief from judgment pursuant to Rule 60(b) of the Rules of the Court of Federal Claims ("RCFC"). We *affirm.*

BACKGROUND

On June 24, 1997, Mr. Mikkilineni and Talasila, Inc., filed a complaint against the United States in the Court of Federal Claims. At the time they filed their complaint, the plaintiffs were represented by counsel, James P. Ross. Mr. Ross later withdrew from the case. At that time, the court informed the plaintiffs that its rules required that a corporate litigant be represented by counsel, and that Talasila would therefore have to retain new counsel in order to maintain its suit.

On May 5, 1999, attorney James R. Cooney filed a notice of appearance on behalf of the plaintiffs. Because Mr. Cooney was not admitted to practice before the Court

of Federal Claims, the court ordered Talasila either to have Mr. Cooney seek admission to the bar of the Court of Federal Claims or to engage new counsel. The plaintiffs failed to secure representation by a member of the court's bar, and the court therefore dismissed the complaint without prejudice on August 17, 2000, pursuant to RCFC 81(d)(8). Talasila and Mr. Mikkilineni appealed the dismissal to this court. We affirmed, holding that "Texas law requires that the present action, which relates to the rights of the corporation and which was brought prior to the corporation's dissolution, be maintained by the corporation." *Talasila, Inc. v. United States,* 240 F.3d 1064, 1066–67 (Fed.Cir. 2001). On March 27, 2001, we denied a petition for rehearing and rehearing *en banc.*

On July 20, 2001, Mr. Mikkilineni filed a motion before the Court of Federal Claims seeking relief from the judgment of dismissal. He argued that the court had made a mistake of law in its order of August 17, 2000, and that it should therefore grant relief under RCFC 60(b). In his motion, Mr. Mikkilineni asserted that the court's legal analysis was contrary to a subsequent United States Supreme Court decision and an earlier decision by an intermediate Texas state appellate court. The Court of Federal Claims denied Mr. Mikkilineni's motion for relief from judgment, and this appeal followed.

In his brief, Mr. Mikkilineni advises us that he has filed a new action in the Court of Federal Claims, No. 01–124C, which is now pending before that court and in which he has asserted his standing to bring the action in his own name by operation of Texas law. That action is not before us in this appeal.

## DISCUSSION

This court reviews the denial of a motion for relief from judgment brought pursuant to RCFC 60(b) for an abuse of discretion. *Info. Sys. and Networks Corp. v. United States,* 994 F.2d 792, 794 (Fed.Cir.1993). Because RCFC 60(b) is virtually identical to Federal Rule of Civil Procedure 60(b), judicial interpretations of Fed.R.Civ.P. 60(b) provide useful guidance in interpreting RCFC 60(b), *id.* at 794–95.

We have held that once a judgment has become final and unappealable, a change in the law will not justify relief under Rule 60(b). *W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc.,* 977 F.2d 558, 560–63 (Fed.Cir. 1992). The Supreme Court decision on which Mr. Mikkilineni relies, *Palazzolo v. Rhode Island,* 533 U.S. 606, 121 S.Ct. 2448, 150 L.Ed.2d 592 (2001), did not issue until after the original judgment in this case had become final. Thus, even if *Palazzolo* effected a change in the law pertinent to Mr. Mikkilineni's claim, it would not justify relief under Rule 60(b). In any event, however, Mr. Mikkilineni's understanding of *Palazzolo* is incorrect.

According to Mr. Mikkilineni, *Palazzolo* stands for the proposition that title to corporate property passes to the sole stockholder by operation of law upon the dissolution of the corporation, and that a sole stockholder in such a position inherits and may maintain actions previously belonging to the corporation. *Palazzolo* cannot be read so broadly.

*Palazzolo* was a takings case. The issues before the Supreme Court concerned ripeness and whether the plaintiff could maintain his takings action when he had acquired title to the property by operation of Rhode Island state law after the enactment of the statute that he alleged constituted a taking. Nothing in the Supreme Court's decision has any bearing on the question whether and under what circumstances Texas law allows an individual to bring an action on a claim owned by a

dissolved corporation. As the trial court observed, "the fact that Mr. Palazzolo inherited an action from a dissolved corporation under Rhode Island state law does not change the Federal Circuit's interpretation either of Texas state law (Talasila's place of incorporation) or of the requirements of this court."

Mr. Mikkilineni also relies on a footnote in a 1996 decision of an intermediate Texas state appellate court, *El T. Mexican Restaurants, Inc. v. Bacon*, 921 S.W.2d 247 (Tex.App.1995). The court in that case held that a sole shareholder who had not dissolved his corporation did not become a successor in interest to the corporation and therefore could not sue on a claim belonging to the corporation. In a footnote, the court stated that if the shareholder had dissolved the corporation, he could have become the successor in interest and could then have maintained the cause of action in his own name. *El T. Mexican Restaurants*, 921 S.W.2d at 253 n. 10. Mr. Mikkilineni asserts that the court's footnote statement proves that the Court of Federal Claims interpreted Texas state law incorrectly and that relief should be granted from the original judgment of dismissal.

We disagree. First, the Texas state court opinion on which Mr. Mikkilineni relies predated the dismissal order in this case. He is therefore simply citing new authority in support of an argument that was fully litigated and rejected in the earlier decision. Merely rearguing a legal position, even with the support of additional authority, is not a basis for relief from a final judgment under Rule 60(b). Second, the footnote statement in the *El T. Mexican Restaurants* case did not purport to take a position on the question whether a dissolved corporation's cause of action could be pursued by the corporation's successor within three years of its dissolution. Finally, even if the Texas court's footnote statement could be regarded as taking a position on that question, the statement is dictum and did not address the Texas statutes relied upon in our earlier opinion. *See Talasila*, 240 F.3d at 1067 (discussing Texas statutes). Under Texas law, "[a] dissolved corporation shall continue in its corporate existence for a period of three years from the date of dissolution for the ... purpose [of] prosecuting ... in its corporate name any action or proceeding by ... the dissolved corporation." Tex. Bus. Corp. Act Ann. art. 7.12(A) (West 2000). The statute further provides that "if an action or proceeding is brought before the expiration of the three-year period following the date of dissolution ... the dissolved corporation shall continue to survive ... for purposes of that action or proceeding until all judgments, order, and decrees therein have been fully executed...." *Id.* art 7.12(D). *See also Vouras v. 3525 Turtle Creek, Inc.*, 369 S.W.2d 819 (Tex.Civ.App.1963) (holding that a dissolved corporation was the proper plaintiff in the suit because the suit was brought within three years of the corporation's dissolution). We therefore uphold the order of the trial court denying Mr. Mikkilineni's motion for relief from judgment under RCFC 60(b).

By our ruling on this appeal from the Rule 60(b) motion in this case (No. 97–439C in the Court of Federal Claims), we do not suggest what effect, if any, the disposition of this case has on the other related action (No. 01–124C in the Court of Federal Claims). In that case, as we understand Mr. Mikkilineni's position, he is seeking to litigate the rights of the dissolved corporation to which, as of the date of the new action, he claims to have become a successor even under the view of Texas law adopted in the present case.