Thomas D. **AFFOURTIT**, Plaintiff,

v.

**UNITED STATES**, Defendant.

No. 06–81C.

United States Court of Federal Claims.

Jan. 2, 2008.

_____

Thomas D. Affourtit, Fairfax, Virginia, pro se.

Sean B. McNamara, United States Department of Justice, Civil Division, Washington, D.C., counsel for Defendant.

## MEMORANDUM OPINION AND FINAL ORDER

BRADEN, Judge.

### I. RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY.[1]

On February 2, 2006, the President and sole shareholder of Interaction Research Institute, Inc. ("IRI"), filed a _pro se_ Complaint in the United States Court of Federal Claims alleging breach of contract by the Defense Logistics Agency of the Department of Defense ("DLA"). _See_ Compl. at 1.

On September 25, 1995, IRI entered into a contract with DLA to develop a "Customer Services Excellence System"[2] for the Defense Contract Management Command ("DCMC"). _Id._ at Compl. Ecnl. (a) ¶ 1. The contract had two line items. _Id._ at Encl. (b). Line item one required IRI to provide the DCMC with a five module Customer Service Excellence System for $198,500. _Id._ Line item two covered travel/miscellaneous expenses. _Id._

On January 20, 2000, IRI submitted a claim for the initial module expenses for the Customer Service Excellence System. _Id._ This claim was settled in April 2002 and IRI was paid $115,607.85 in full satisfaction of all claims regarding the first line item. _Id._ In January 2003, IRI filed a claim for expenses concerning line item two for such services as: reproduction; shipping and distribution of modules; additional products requested; coordination with regional directors regarding logistics; and collaboration with a potential subcontractor. _Id._ On February 3, 2005, the relevant Contracting Officer ("CO") issued a Final Decision denying Plaintiff's line item two claims. _Id._

1. The facts cited herein were derived from: Plaintiff's February 2, 2006 Complaint ("Compl.") and enclosures thereto ("Compl.Encl."); Plaintiff's August 1, 2007 Status Report ("PSR"); the Government's September 21, 2007 Motion to Dismiss ("Gov't Mot. to Dismiss"); Plaintiff's November 1, 2007 Response ("Pl.Resp."); and the Governments December 3, 2007 Reply ("Gov't Reply").

2. The record does not describe what a "Customer Service Excellence System" is.

On February 2, 2006, Plaintiff filed a Complaint in the United States Court of Federal Claims, appealing the CO's February 3, 2005 decision and seeking $82,892.07 in damages, plus interest, for the Government's alleged breach of the 1995 contract. *See* Compl. at 2. On May 24, 2006, Plaintiff filed a motion requesting a stay to seek counsel. After efforts by the court and Plaintiff to identify an attorney to handle this matter were unsuccessful, on June 12, 2006, the court ordered that, "[n]otwithstanding RCFC 81.1(c)(8),[3] Plaintiff's request to proceed *pro se* is granted." *See Affourtit v. United States*, No. 6–81C (Fed.Cl. July 12, 2006) (Order).

On June 22, 2006, the Government filed a Motion for Reconsideration of the court's June 12, 2006 Order and a Motion to Dismiss. On June 27, 2006, Plaintiff filed a Rebuttal to Defendant's Motion for Reconsideration and a Motion to Proceed on Schedule. On July 5, 2006, Plaintiff filed a Motion for a Court Ruling in Favor of Plaintiff, Due to Defendant's Failure to Comply with the Court's Order of June 12, 2006, and requesting an entry of judgment for Plaintiff, because the Government failed to participate in the filing of a Joint Preliminary Status Report.

On July 14, 2006, the court granted the Government's June 22, 2006 Motion for Reconsideration, wherein the court held that it improvidently granted Plaintiff's request to proceed *pro se*. *See Affourtit v. United States*, No. 6–81C, Slip Op. (Fed.Cl. July 14, 2006). Therein, the court also denied Plaintiff's July 5, 2006 Motion and held that the Government's failure to participate in the filing of a Joint Preliminary Status Report was an insufficient basis to render judgment against the Government. *Id.* In addition, the court denied the Government's June 22, 2006 Motion to Dismiss and Plaintiff's June 27, 2006 Motion to Proceed on Schedule, and stayed the case until October 13, 2006, to provide Plaintiff with another opportunity to obtain counsel. *Id.* A year passed, during

which Plaintiff allegedly contacted forty-eight attorneys, the District of Columbia pro bono program, and local university law clinics, without success. *See* PSR.

On September 21, 2007 the Government filed a Motion to Dismiss.

## II. DISCUSSION.

### A. Jurisdiction.

The jurisdiction of the United States Court of Federal Claims is established by the Tucker Act. *See* 28 U.S.C. § 1491. This Act authorizes the court "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages ... the Act merely confers jurisdiction upon it whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Therefore, in order to pursue a substantive right within the jurisdictional reach of the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute, or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed.Cir.2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed.Cir.2005) *(en banc)* ("The Tucker Act does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate

---

3. Rule 81.1(c)(8) states:

[a]n individual may represent oneself or a member of one's immediate family as a party before the court. Any other party, however, must be represented by an attorney who is admitted to practice in this court. A corporation may only be represented by counsel. The terms counsel or attorney in these rules shall include unrepresented parties.

RCFC 83.1(c)(8)

source of substantive law that creates the right to money damages."). The burden of establishing jurisdiction falls upon the party asserting jurisdiction. *See Rohmann v. United States,* 25 Cl.Ct. 274, 277 (1992); *see also* RCFC 12(b)(1).

The Complaint in this case asserts a contract claim against the Government. Contract claims against the Government properly are brought under the Contract Dispute Act, pursuant to 41 U.S.C. § 609(a)(1) ("CDA") that states:

> in lieu of appealing the decision of the contracting officer under section 605 of this title to an agency board, a contractor may bring an action directly on the claim in the United States Court of Federal Claims, notwithstanding any contract provision, regulation, or rule of law to the contrary.

*Id.*

To allege jurisdiction under the CDA, however, the Complaint must allege all the requisite elements of a contract with the Government. *See City of El Centro v. United States,* 922 F.2d 816, 820 (Fed.Cir.1990) ("In view of the fact that we conclude that no contract existed ... it is unnecessary for us to determine whether a claim for breach of that alleged contract was properly filed."). In addition, the plaintiff must be in privity of contract with the Government. *See Erickson Air Crane Co. v. United States,* 731 F.2d 810, 813 (Fed.Cir.1984) ("The government consents to be sued only by those with whom it has privity of contract."); *see also Schickler v. United States,* 54 Fed.Cl. 264 (2002) ("The CDA applies only to parties who are in privity of contract with the Government.") (citations omitted).

**B. Standard For Decision On A Motion To Dismiss, Pursuant To RCFC 12(b)(1).**

A challenge to the "court's general power to adjudicate in specific areas of substantive law ... is properly raised by a [Rule] 12(b)(1) motion." *See Palmer v. United States,* 168 F.3d 1310, 1313 (Fed.Cir.1999); *see also* RCFC 12(b)(1) ("Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim,

cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter[.]"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." *See Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir.1995). Nonetheless, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question, it [is] incumbent upon [plaintiff] to come forward with evidence establishing the court's jurisdiction.").

**C. Pleading Requirements Of A *Pro Se* Plaintiff.**

In the United States Court of Federal Claims, the pleadings of a *pro se* plaintiff are held to a less rigid standard than litigants represented by counsel. *See Castro v. United States,* 540 U.S. 375, 386, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003) (Scalia, J., concurring) ("[T]he allegations of a pro se litigant's complaint are to be held 'to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972))). It has been the tradition of this court to examine the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Manuel v. United States,* 78 Fed.Cl. 31, 34 (2007) (quoting *Ruderer v. United States,* 188 Ct.Cl. 456, 468, 412 F.2d 1285 (1969)). Nevertheless, " '[t]his latitude ... does not relieve a *pro se* plaintiff from meeting jurisdictional requirements.'" *Skillo v. United States,* 68 Fed.Cl. 734, 739 (2005) (quoting *Bernard v. United States,* 59 Fed. Cl. 497, 499 (2004), *aff'd,* 98 Fed.Appx. 860 (Fed.Cir.2004)).

**D. The Court's Resolution Of The Government's September 21, 2007 Motion For Summary Dismissal.**

■ Plaintiff bears the burden of demonstrating standing. *See FW/PBS, Inc. v. Dal-*

*las,* 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990) (holding that the burden is on the party seeking to exercise jurisdiction clearly to allege facts sufficient to establish jurisdiction); *see also* RCFC 17(a) (requiring all actions "be prosecuted in the name of the real party in interest."); *Robo Wash, Inc. v. United States,* 223 Ct.Cl. 693, 695 (1980) ("[RCFC 17(a)] requires that all claims be prosecuted by the real party in interest."); *Algonac Manufacturing Co. v. United States,* 192 Ct.Cl. 649, 662, 428 F.2d 1241 (1970) ("Our Rule [17(a)] requires that 'Every action shall be prosecuted in the name of the real party in interest[.]' ") (quotations and citations omitted).

In *Algonac,* the predecessor court to the United States Court of Federal Claims held that a corporate officer, who was the sole shareholder of a corporation, did not have standing to sue under a contract with the corporate contractor:

> The contracts which serve as the basis for the claims in this case were between the government and Algonac Manufacturing Company. John A. Maxwell [the corporate officer and sole shareholder] was not a party to the contracts. Therefore, on all claims which involve the contracts, we hold that Maxwell is not a proper party to the suit, and we do not have jurisdiction of his petition.

*Id.; see also Computer Prods. Intern., Inc. v. United States,* 26 Cl.Ct. 518 (1992) (holding that a corporation's president could not be substituted as a plaintiff).

In this case, IRI is the party that entered into a contract with the Government. *See* Compl. at 2 ("IRI is submitting for your consideration this claim for the amount of $82,892.07 plus interest."). Therefore, Thomas D. Affourtit is not in privity with the Government, and the court does not have jurisdiction to adjudicate the allegations set forth in the Complaint. *See Merritt v. United States,* 267 U.S. 338, 340, 45 S.Ct. 278, 69 L.Ed. 643 (1925) (holding that a plaintiff cannot bring suit under the Tucker Act where "[t]he petition does not allege any contract, express or implied in fact, by the government with the plaintiff to pay the latter … on any basis.").[4]

■ The only party in privity of contract with the Government regarding claims arising from the September 25, 1995 contract is IRI, a corporation. A corporation appearing before the United States Court of Federal Claims, however, must be represented by an attorney. *See* RCFC 83.1(c)(8):

Based on this rule, the United States Court of Federal Claims has determined "[t]hat [a] corporate 'person' can no more be represented in court by a non-lawyer-even its own president and sole shareholder—than can any individual," because "a corporation is an entity distinct from its officers and shareholders." *Finast Metal Products, Inc. v. United States,* 12 Cl.Ct. 759, 761 (1987). Nevertheless, the United States Court of Federal Claims has held that "the policy underlying the rule prohibiting corporations from proceeding without counsel is in no way served by forcing [a non-lawyer sole shareholder of a corporation] to retain an attorney." *U.S. PolyCon Corp. v. United States,* 43 Fed.Cl. 11, 12 (1999). In *PolyCon,* the court discussed four policy reasons for requiring a corporation to be represented by counsel:

1. Non-lawyers burden the court system with poorly drafted pleadings and poorly conducted proceedings and, further, are not knowledgeable about or subject to the lawyer's ethical duties and sanctions.

2. The interests of an association of individuals cannot be adequately represented by any single member. Stated another way, if a non-lawyer shareholder or officer

---

4. In the November 1, 2007 Response to the Government's Motion to Dismiss, Plaintiff argues that he is a subcontractor of IRI and, therefore, is not attempting to represent IRI *pro se. See* Pl. Resp. ¶¶ 2–3, 5 ("[T]he corporation [IRI] could subcontract arrangement functions to an independent third party, that is, the Plaintiff."). The United States Court of Appeals for the Federal Circuit, however, has held that: "It is a horn-book rule that, under ordinary government prime contracts, subcontractors do not have standing to sue the government under the Tucker Act, 28 U.S.C. § 1491[.]" *Erickson Air Crane Co.,* 731 F.2d at 813 (citing *United States v. Johnson Controls, Inc.,* 713 F.2d 1541 (Fed.Cir.1983)). Accordingly, assuming *arguendo* that Mr. Affourtit was an IRI subcontractor, he nevertheless does not have standing to pursue this suit.

represents a corporation, the interests of absent shareholders, officers and directors may be adversely affected through inept or vexatious handling.

3. Since a corporation is an artificial entity, it can only act through agents, and those agents must be acceptable to the court.

4. Those who take advantage of the corporate form of doing business and receive the benefits (e.g., limited liability) must suffer the corresponding disadvantages.

*Id.* at 14. Nevertheless, the court concluded that:

If we blindly enforce the literal terms of a general rule without regard to whether such enforcement furthers the rule's underlying policy and without consideration of whether, in given, limited circumstances, a good-cause exception should be made, we risk achieving an unjust result by over-strict application of rules originally promulgated to insure fairness.

*Id.* at 15.

Although the court agrees with the reasoning in *PolyCon,* it is bound by the United States Court of Appeals for the Federal Circuit's holding in *Talasila, Inc. v. United States,* 240 F.3d 1064 (Fed.Cir.2001) that RCFC 83.1(c)(8): "is clear and unqualified, and the plain language of the rule does not contemplate exceptions[.]" *Id.* at 1067. In *Talasila* our appellate court determined that policy determinations could not overcome the long-standing rule, which has been in effect "for the better part of two centuries," that "a corporation may appear in federal court only [through] licensed counsel." *Id.* at 1066 (quoting *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 201–02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993)). Accordingly, the court "is not free to waive this rule, even in cases of severe financial hardship." *Id.* at 1067.

### III. CONCLUSION.

For the aforementioned reasons, the court does not have jurisdiction to adjudicate the claims presented in the February 2, 2006 Complaint. Accordingly, the Government's September 21, 2007 Motion for Summary Dismissal is granted, and the Clerk of the United States Court of Federal Claims is directed to dismiss Plaintiff's complaint. *See* RCFC 12(b)(1).

**IT IS SO ORDERED.**