NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TALASILA, INC.**
*Plaintiff,*

AND

**M. R. MIKKILINENI,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2012-5137

---

Appeal from the United States Court of Federal Claims in No. 97-CV-0439, Judge John P. Wiese.

---

Decided: May 7, 2013

---

M.R. MIKKILINENI, of New York, New York, for pro se.

MICHAEL D. AUSTIN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee.

With him on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DONALD E. KINNER, Assistant Director.

———————————

Before RADER, *Chief Judge,* REYNA and TARANTO, *Circuit Judges.*

PER CURIAM.

M. R. Mikkilineni and Talasila, Inc., appeal the denial of a motion for relief from a 2000 judgment that dismissed their complaint. We affirm.

## BACKGROUND

In 1996, the United States terminated a contract it had entered into with Talasila. In June 1997, both Talasila and Mr. Mikkilineni, the sole shareholder of Talasila, sued in the Court of Federal Claims to challenge the termination. In August 1997, Talasila, which is a Texas corporation, was dissolved.

The suit proceeded for three years with the plaintiffs represented by counsel. In 2000, however, after the initial counsel withdrew and a second counsel appeared who was not admitted to the Court of Federal Claims bar, the court dismissed the complaint, without prejudice, because the corporation lacked counsel and was a necessary plaintiff. The court reasoned that (1) Texas law allowed the dissolved corporation to bring and prosecute the contract claim and, under the relevant federal contract-disputes law, the action had to be maintained by the corporation, not by Mr. Mikkilineni, the corporation's successor-in-interest; (2) the Rules of the Court of Federal Claims required the corporation to be represented by counsel admitted to the court's bar; and (3) the corporation no longer had such representation. *Talasila, Inc. v. United States*, No. 97-439C (Fed. Cl. Aug. 17, 2000). Both the corporation and Mr. Mikkilineni appealed the dismis-

sal to this court, which affirmed the judgment. *Talasila, Inc. v. United States*, 210 F.3d 1064 (Fed. Cir. 2001).

Both the corporation and Mr. Mikkilineni subsequently sought to reopen the matter by seeking relief from the judgment under Court of Federal Claims Rule 60(b). The Court of Federal Claims denied the motion, and this court affirmed. *Talasila, Inc. v. United States*, 36 F. App'x 430 (Fed. Cir. 2002).

Thereafter, Mr. Mikkilineni brought a second suit in the Court of Federal Claims, this time on his own, without the corporation as a co-plaintiff. He claimed again, as he had in the first suit, that he was the successor-in-interest to the dissolved Talasila and was therefore entitled to pursue the corporation's contract claim against the United States without the presence of the corporation. Judge Yock of the Court of Federal Claims (not the same judge as in this case) extensively discussed Texas law and Talasila's contract with the United States and ruled that Talasila, which could proceed under Texas law, had to bring the claim under the relevant federal contract-dispute law. Judge Yock dismissed the complaint for that reason and also because the suit was untimely under the statute of limitations applicable to the challenge to the 1996 contract termination. *Mikkilineni v. United States*, No. 01-124C (Fed. Cl. June 21, 2002). Mr. Mikkilineni again unsuccessfully appealed to this court. *Mikkilineni v. United States*, 53 F. App'x 82 (Fed. Cir. 2002).

Ten years later, in June 2012, Mr. Mikkilineni and the corporation sought once again to reopen the original 1997 suit, filing another motion for relief under Rule 60. The Court of Federal Claims denied the motion. We affirm.

## DISCUSSION

The Court of Federal Claims' denial of Rule 60 relief can be reversed only if it was an abuse of discretion.

*Massachusetts Bay Transp. Auth. v. United States*, 254 F.3d 1367, 1378 (Fed. Cir. 2001); *Information Sys. & Networks Corp. v. United States*, 994 F.2d 792, 794 (Fed. Cir. 1993). Whether an abuse of discretion occurred depends on the standards that govern Rule 60, which embody a strong, though not unyielding, respect for finality of judgments. This court pointed out in one of the earlier appeals in this case that "[m]erely rearguing a legal position, even with the support of additional authority, is not a basis for relief from a final judgment under Rule 60(b)." *Talasila*, 36 F. App'x at 432. Even more particularly, once the judgment has been affirmed on appeal, Rule 60 provides no general exception to the longstanding bar on the trial court's undoing the affirmance based on later presentation of arguments that the challenger presented, or could have presented, in the earlier appeal. *See, e.g.*, *Seese v. Volkswagenwerk, A.G.*, 679 F.2d 336, 337 (3d Cir. 1982); *Eutectic Corp. v. Metco, Inc.*, 597 F.2d 32, 34 (2d Cir. 1979); 11 Charles A. Wright *et al.*, Federal Practice and Procedure § 2873, at 608 (3d ed. 2012). Something significantly more is required for Rule 60 relief in these circumstances, lest the orderly process of appeal be subverted and do-overs upset the repose that finality provides and divert courts' resources away from the adjudication of fresh claims.

The Court of Federal Claims did not abuse its discretion in denying the Rule 60 motion in this case because the motion is at bottom just a request to reargue what the earlier appeal(s) decided. The core of Mr. Mikkilineni's and Talasila's argument for reopening this case by setting aside the 2000 judgment of dismissal is that the corporation is not a necessary party to bring the contract-dispute claim, which they say Mr. Mikkilineni could bring by himself, without the corporation (so that the corporation's lack of counsel is immaterial). But Mr. Mikkilineni unsuccessfully sought to substitute himself for the corporation on that very ground before the judgment of dismis-

sal in 2000; and the appeal of that judgment was the required occasion for pressing that ground, which, if correct, would have required this court to reverse the dismissal of the complaint. Under the "mandate" rule, this court's affirmance in *Talasila, Inc. v. United States*, 240 F.3d 1064, settled the matter. *See Amado v. Microsoft Corp.*, 517 F.3d 1353, 1360 (Fed. Cir. 2008) (precluding from reconsideration, during a subsequent appeal in the same case, "any issue within the scope of the judgment [previously] appealed from—not merely those issues actually raised"); *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1382-83 (Fed. Cir. 1999) ("[I]ssues actually decided—those within the scope of the judgment appealed from, minus those explicitly reserved or remanded by the court—are foreclosed from further consideration.").[1]

Mr. Mikkilineni and Talasila identify nothing that required the Court of Federal Claims to find this case to fall within one of the very few circumstances that justify upsetting the finality of a judgment that has been affirmed on appeal. They remake the same arguments rejected at least twice before, and they cite no change of law or other extraordinary circumstance sufficient to justify reconsideration of the earlier rulings. They allege that the United States fraudulently misrepresented Texas law, but they point to nothing but routine arguments about the Texas law they had raised to support their contention. They had every opportunity to answer those arguments in 2000 and 2001 (and Mr. Mikkilineni answered again in 2002), and this court, like the Court of Federal Claims, examined the cases that they cited and

---

[1] In addition, as described above, Mr. Mikkilineni presented the same argument in 2002 for allowing his separate suit to proceed, but the Court of Federal Claims (through a different judge) rejected the argument and dismissed the suit, and this court affirmed the dismissal.

concluded that "these cases do not support Mikkilineni's position" that "under Texas law, he is entitled to maintain this suit in his own name." *Talasila*, 240 F.3d at 1067. Similarly, they allege that the corporation's initial counsel withdrew before trial because of the Court of Federal Claims judge's adverse comments about the case, but they point to nothing but the kinds of statements about the substance of a case that are a routine part of a judge's pretrial discussions with counsel in managing its development. In any event, on this point and more generally, Mr. Mikkilineni and Talasila identify nothing that was not fully available to them in 2000 as a basis for challenging the dismissal of their complaint. In these circumstances, the Court of Federal Claims acted properly in not finding an exception to the strong finality policy that limits Rule 60 relief from judgments affirmed on appeal.

The Court of Federal Claims also observed that Rule 60(c) requires that a motion under Rule 60(b)—one of the grounds invoked here—be made within a reasonable time. Mr. Mikkilineni and Talasila did not file the present motion for Rule 60 relief for nearly a dozen years after the complaint was dismissed and ten years after the earlier appeals were decided. The Court of Federal Claims did not abuse its discretion in finding that long delay not to be reasonable.

For the foregoing reasons, the Court of Federal Claims committed no abuse of discretion in denying the Rule 60 motion for relief from the 2000 dismissal. The judgment is accordingly affirmed.

No costs.

**AFFIRMED**