NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**CHIZOMA ONYEMS,**
*Appellant*

**v.**

**DEPARTMENT OF THE NAVY,**
*Appellee*

_____

2024-2289

_____

Appeal from the Armed Services Board of Contract Appeals in No. 63449, Administrative Judge Mark A. Melnick, Administrative Judge Michael N. O'Connell, Administrative Judge Owen C. Wilson.

_____

Decided:  June 6, 2025

_____

CHIZOMA ONYEMS, Auburn, CA, pro se.

ROBERT R. KIEPURA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for appellee.  Also represented by BRIAN M. BOYNTON, DEBORAH ANN BYNUM, PATRICIA M. MCCARTHY.

_____

Before MOORE, *Chief Judge*, HUGHES and STARK, *Circuit Judges*.

PER CURIAM.

Appellant Chizoma Onyems appeals from a final decision of the Armed Service Board of Contract Appeals ("the Board"). Mr. Onyems is the sole owner of a limited liability company, CB Portable Toilet Rental and Service ("CB Portable"), which contracted with the government to provide services to five locations within Camp Lejeune. When the government terminated that contract for convenience just one month into the year-long performance period, CB Portable submitted a certified claim to the contracting officer and subsequently appealed the officer's determination to the Board, where the company was represented by Mr. Onyems, who is not a licensed attorney. The Board ultimately granted over $16,000 in damages (plus interest) to CB Portable. Mr. Onyems now seeks to appeal this determination on behalf of himself personally, not on behalf of his company. For the following reasons, we dismiss Mr. Onyems' appeal.

I

Mr. Onyems is the sole member of CB Portable, a company which provides portable toilets, hand washing stations, and associated maintenance services.[1] On May 27, 2022, the Naval Supply Systems Command Fleet Logistics Center Norfolk and CB Portable executed a contract under which CB Portable was to provide services to the Center for Security Forces at five different locations throughout Camp Lejeune, North Carolina. The performance period of the contract was one year beginning on June 13, 2022. Each service location covered by the contract corresponded

---

[1] References to S. App'x are to the Supplemental Appendix filed with the government's brief.

to a training site within the camp and was reflected in the contract as an individual contract line item (CLIN). The CLINs were firm-fixed price and specified a particular number of units, a per unit price, and a total price. Although the contract did not define what constituted a "unit," the parties agreed before the Board that a unit is comprised of two portable toilets and one hand washing station for a period of one week. The per unit price was $1,030, resulting in a total full-year contract price of $145,230. At the time the contract was awarded to CB Portable, it was only incrementally funded to a total of $29,870.

Almost from the start of performance, the government began requesting services be provided to locations not included in the contract, which CB Portable in many cases ultimately provided. Then, on August 12, 2022, only one month into the year-long performance period, the Navy informed CB Portable that it was terminating the contract for convenience, pursuant to FAR 52.212-4(*l*), effective August 19, 2022.[2] The contract's limitation of government obligation provision provided that CB Portable agreed to perform up to the point at which "the total amount payable by the government . . . approximated the current amount allotted to the contract" and that CB Portable was not permitted to perform beyond that point, regardless of any language to the contrary in the termination for convenience clause. S. App'x 3.

---

[2] The termination for convenience provision provided that, after termination by the government, CB Portable was entitled to "be paid a percentage of the contract price reflecting the percentage of the work performed prior to the notice of termination," in addition to demonstrated "reasonable charges" resulting from the termination. FAR 52.212-4(*l*).

The government determined it owed CB Portable $32,960 for performance through the effective termination date.[3]  By letter dated August 22, 2022, CB Portable reported to the contracting officer that, as directed, it had ceased operations on August 19.  The government paid CB Portable $32,960 approximately three weeks later, on September 14.

CB Portable submitted a certified claim to the contracting officer for $398,678.05, in which it identified 26 unique categories of purported costs.  A subsequent claim recognized the $32,960 payment the government had already made and reduced the amount requested accordingly.  CB Portable then submitted an additional certified claim for $52,559.60 for "delay costs," and notified the government it would charge $3,400 per day in additional "delay costs" until it was paid in full.  The company eventually submitted a $23,800 invoice for each of five weeks between September and October, and later added four additional categories of costs to the original 26, increasing the total amount of its certified claim to $489,567.65.  CB Portable also asserted a bad-faith claim for which it requested $1,500,000 in damages.

On November 4, 2022, the contracting officer issued a final decision determining that CB Portable was not entitled to any amount beyond the $32,960 the government had already paid.  CB Portable, represented by Mr. Onyems, who is not an attorney, appealed to the Board.

At the government's request, the Board bifurcated proceedings into an entitlement (liability) phase and a quantum (damages) phase.  In its entitlement opinion, the Board organized CB Portable's claims into two categories:

---

[3] This is the sum of the $29,870 originally allotted and two price increases provided in unilateral alterations by the government.

the "change contentions," for which CB Portable requested $489,567.65 in damages, and the "bad faith contentions," for which CB Portable requested $1.5 million in damages. The Board sustained the "change contentions" in part but rejected the "bad faith" contentions in their entirety, finding that CB Portable failed to demonstrate the agency acted in bad faith when it terminated the contract for convenience. The Board found the company was entitled to recover "the price for all the units CB Portable delivered under the contract's five CLIN[s], the [specified] hand washing station, and equipment provided in response to the government orders stemming from the contract change." S. App'x 13. The Board then concluded in the quantum phase that the government owed CB Portable $16,150 in damages plus statutory interest on top of the $32,960 it had already paid CB Portable.

Mr. Onyems, who was not a party to the Board proceedings or to the contract with the government, then filed a notice of appeal on his own behalf, but not on behalf of the company. See ECF No. 1 at 5 (notice of appeal).

## II

Under the Contract Disputes Act, a decision of the Board is final except in limited circumstances, including where "a contractor" appeals to this court via timely submission. 41 U.S.C. § 7107(a)(1)(A). The government contends we lack jurisdiction over Mr. Onyems' appeal because Mr. Onyems – who was not a party to the government contract or to the proceedings below, and who no longer purports to represent CB Portable – is not "a contractor" under the Contract Disputes Act. Response Br. at 8-11.[4] In

---

[4] On September 24, 2024, we directed the parties to address whether Mr. Onyems is a proper party to appeal the Board's decision. ECF No. 13. After receiving that

response, Mr. Onyems argues that this court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Appellant's Informal Reply Br. at 3 (quoting FED. R. CIV. P. 60(a)); *see also* ECF No. 65 at 2-3 ("If the Appellant's corporate name was mislabeled, this is a procedural defect, not a jurisdictional bar.  Courts routinely allow amendments to correct party names under FRCP 15(a).").  Mr. Onyems also attempts to invoke our jurisdiction under the Tucker Act, but without addressing the mismatch between the parties before the Board and those involved in this appeal.  Appellant's Informal Reply Br. at 3-5.  Lastly, he purports to have standing to sue under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and advances a claim for reimbursement of employee leave costs under the CARES Act, Pub. L. No. 117-2 § 4015, 135 Stat. 4, 80 (2021).  Appellant's Informal Opening Br. at 4-7.

We lack jurisdiction over this appeal, and must dismiss, because Mr. Onyems is not "a contractor" within the meaning of 41 U.S.C. § 7107(a)(1)(A).  The Contract Disputes Act provides that only a "contractor," which it defines as "a party to a Federal Government contract other than the Federal Government," may appeal a final decision of the Board to this court.  41 U.S.C. § 7107(a)(1)(A) (conferring appellate jurisdiction to review decisions of Board when "contractor" appeals); 41 U.S.C. § 7101(7) (defining "contractor").  Mr. Onyems was not a party to the challenged contract, only CB Portable was; CB Portable is indisputably a separate entity from Mr. Onyems.  Therefore,

---

briefing, ECF Nos. 14, 15, we decided that "the better course [is] to allow Mr. Onyems to brief the appeal in his name alone and for the Department to raise its dismissal arguments in its response brief."  ECF No. 17 at 2.

Mr. Onyems is not himself a "contractor" and we lack jurisdiction over his appeal.

Additionally, "[t]he rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled." *Marino v. Ortiz*, 484 U.S. 301, 304 (1988). Mr. Onyems provides no persuasive reason why we should fail to follow that rule here.

Moreover, "[a] corporation, partnership, organization or other legal entity must be represented by counsel." Fed. Cir. R. 47.3(a); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("[A] corporation may appear in the federal courts only through licensed counsel.") (internal citations omitted). To the extent Mr. Onyems now wants to modify his notice of appeal to identify CB Portable as the appellant, *see* ECF No. 65 at 2-3, the record contains no indication the company has taken any steps to retain counsel, as would be necessary for it to maintain this appeal. *See Talasila, Inc. v. United States*, 240 F.3d 1064, 1066 (Fed. Cir. 2001) (dismissing appeal where former sole proprietor and sole successor-in-interest sought to represent dissolved corporation); *see also Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (holding that prohibition on non-attorney representation in federal court applies to "sole member limited liability companies"); *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 974 (9th Cir. 2004) (holding that even if court were to accept notice of appeal filed by corporate officer on behalf of company, it would nevertheless be required to dismiss appeal because corporation "did not retain counsel prior to . . . filing of motions and pleadings on appeal").

Thus, we must dismiss Mr. Onyems' appeal.

### III

Mr. Onyems makes no additional arguments regarding jurisdiction in connection with his claim under FLSA. He

does not appear to be an "employee" within the meaning of FLSA. *See* 29 U.S.C. § 207(a)(1)-(2) (specifying that FLSA only applies to "employer" treatment of "employees"). Moreover, regardless of Mr. Onyems' status under the FLSA, he is not a "contractor" within the meaning of our jurisdictional statute. *See* 41 U.S.C. § 7101(7).

Mr. Onyems also asserts a claim for reimbursement of employee leave costs under the CARES Act. Pub. L. No. 117-2 § 4015, 135 Stat. 4, 80 (2021). We agree with the Board that this statute permitted agencies to reimburse contractors only for expenses incurred through September 30, 2021. S. App'x 18. Mr. Onyems cannot recover because his contract was not awarded until 2022.

IV

We have considered Mr. Onyems' numerous filings and find them unpersuasive.[5] Accordingly, we dismiss this appeal.

**DISMISSED**

COSTS

No Costs.

---

[5] ECF Nos. 78-92. Mr. Onyems' pending motions (ECF Nos. 43, 46, 82, 91) are denied as moot.